# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
LASTONIA LEVISTON,                                    :
                                                      :
                              Plaintiff,              :
                                                      :
              v.                                      :
                                                      :
CURTIS JAMES JACKSON, III,                            :
a/k/a 50 CENT,                                        :
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 12, 2015
```

15 Civ. 4563 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

This case embodies a striking abuse of the federal removal statute by Defendant Curtis James Jackson, III, also known as 50 Cent, in an effort to avoid standing trial in New York County Supreme Court. This is not the first time Defendant has attempted this dilatory tactic in his state case, *Leviston* v. *Jackson*, Index No. 10/102449. Just over two weeks ago, on May 26, 2015, Defendant removed the case to this Court on the day trial was to begin, on the basis that it was "related to" the bankruptcy of a company owned by Defendant, SMS Promotions, LLC, filed one day earlier in the United States Bankruptcy Court for the District of Connecticut. In granting Plaintiff's Emergency Motion to Remand and/or Abstain (15 Civ. 3989 Dkt. #4), this Court exercised its authority to permissively abstain and equitably remand the case. (*See* May 28, 2015 Tr. (15 Civ. 3989 Dkt. #10) 49-53). In doing so, the Court outlined its concerns about the "tortuous path" the case had taken in New York Supreme Court since it was filed in 2010; the multiple adjournments

of trial Defendant had sought and been denied; and the fact that Justice Paul Wooten, the New York State Supreme Court, and Plaintiff were poised and ready for a long-scheduled (and, it would appear, high-profile) trial. (*Id.* at 49-50). The Supreme Court learned of the removal only on the morning trial was to begin, when defense counsel failed to appear as directed. (*Id.*). This Court decried defense counsel's unsavory tactic, on the day before trial was to start, of hiding their intention to remove the case, even as they met with Plaintiff's counsel in preparation for the very trial they planned to subvert. (*Id.* at 50). Moreover, the Court found that the bankruptcy petition at issue had only a tenuous relationship to the state-court litigation. (*Id.* at 50-51). The Court promptly remanded the case and set a schedule for Defendant to reply to Plaintiff's application for fees and costs.

The instant removal is even more egregious. Defendant's prior sortie necessarily delayed the start of trial, providing him an unwarranted (if short-lived) adjournment. The Court understands from Justice Wooten's Chambers and from Plaintiff's second emergency motion papers that trial was rescheduled for June 1, 2015, and then delayed to June 2, 2015, to accommodate pretrial motions. That morning, a venire was assembled in the courtroom and jury selection was to begin; Defendant filed a motion to dismiss based on a newly-asserted affirmative defense. The venire was dismissed, and Justice Wooten heard oral argument on the motion. After further oral argument on June 3, 2015, Justice Wooten denied the motion on the morning of June 4, 2015. Defendant filed an appeal and emergency application for a stay of trial in the

Appellate Division, First Department; the Appellate Division denied the application for a stay that same day. Jury selection commenced in the late morning of June 4, 2015, and on June 10, 2015, jury selection concluded and a jury was sworn and empanelled.

Trial was to start today, June 12, 2015, at 9:15 a.m. This morning, the courtroom was set up with technology specifically requested by the parties; Justice Wooten and his staff were standing by for trial; courthouse security was readied for intensified media presence; the jury was present; and counsel for both sides were there. At 9:12 a.m., Defendant filed a notice of removal with the New York Supreme Court clerk, again surreptitiously obtaining an adjournment of trial. The jury was dismissed for the day. The Court understands from Justice Wooten's Chambers and from Plaintiff's submission that Justice Wooten will maintain this jury panel until June 17, 2015, at his discretion and in accordance with state law. See N.Y. Judiciary Law § 525(a) (McKinney 2015). Plaintiff has once again filed an Emergency Motion to Remand and for Sanctions (Dkt. #6), which is currently before the Court.

Defendant purports to have "timely removed" this five-year-old case under 28 U.S.C. § 1446 on two grounds, neither of which confers removal jurisdiction on this Court, particularly at this late hour. (Notice of Removal ¶ 5). Defendant asserts both diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

As for diversity jurisdiction under 28 U.S.C. § 1332, Defendant asserts that, despite the one-year limitation contained in 28 U.S.C. § 1446(c)(1),

removal on this basis is timely because (i) Plaintiff "only recently served Defendant with an email establishing that Plaintiff is seeking damages in an amount in excess of the [$75,000] federal jurisdictional threshold" (Notice of Removal ¶ 5); (ii) the one-year limitation is not applicable to this case because it was included in a statutory amendment promulgated after this case was filed (*id.* at ¶ 6); or (iii) any limitation period should be tolled given the facts of this case (*id.*).

Defendant's claim that he did not know or have paper documentation of the amount of damages sought in this case until June 7, 2015 (Notice of Removal ¶ 5), beggars belief. Defense counsel acknowledged before this Court on May 28, 2015, that Defendant was aware the amount in controversy met the jurisdictional threshold, but that was not the basis for removal jurisdiction at that time. (May 28, 2015 Tr. 16:11-14 ("[I]t is a controversy over $75,000.")). Plaintiff has also produced documentation making clear that no later than December 2014 (and likely months or years earlier), Plaintiff had made written settlement demands in the millions of dollars, and Defendant had made offers in the hundreds of thousands of dollars. (*See* Pl. Br. Ex. C (Dkt. #6-3)). Accordingly, the Court rejects Defendant's argument that removal is timely on this basis.[1]

Nor does Defendant's argument for the inapplicability of the one-year provision contained in Section 1446 hold water. Defendant believes that the

---

[1] Moreover, even if Defendant had been entirely unaware of the amount in controversy, the initial pleadings would have satisfied the requirements of the removal statute based upon Plaintiff's request for injunctive relief. *See* 28 U.S.C. §1446(c)(2)(A)(i).

4

one-year limitation provision was added with the 2011 amendments to Section 1446. It was not. Even under the version of the statute in effect in 2010, when this case was commenced, the statute read, "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b) (2010). The one-year limitation was added with the 1988 amendments to Section 1446. *See* Judicial Improvements and Access to Justice Act of 1988, Pub. L. No. 100-702, 102 Stat. 4642 § 1016(b)(2)(B). Further, based on its familiarity with the record of this case, the Court can comfortably say that there is no reason that this limitation should be tolled. Accordingly, the Court rejects Defendant's argument that diversity removal was timely.

In addition to diversity jurisdiction, Defendant asserts that this Court has federal question jurisdiction; specifically, Defendant claims that "[t]he Court has federal question jurisdiction because plaintiff's claims are preempted under 47 U.S.C. § 230, the Communications Decency Act [the 'CDA']." (Notice of Removal ¶ 7). This argument, too, fails. It is well-established that for a federal question to provide the basis for removal jurisdiction, it must appear in the plaintiff's complaint itself, rather than in an affirmative defense or counterclaim. *See Louisville & N.R. Co.* v. *Mottley*, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."); *see also Marcus* v. *AT&T Corp.*, 138 F.3d 46, 52-53 (2d Cir. 1998) ("A claim that federal law preempts all state law remedies

is usually only a defense to the state law action, and a case generally may not be removed to federal court on that basis, 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'" (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987))). This rule is subject to only a narrow exception for "complete preemption," where the federal law at issue entirely bars state courts from entering the field. See *Caterpillar*, 482 U.S. at 393-94.

Defendant's argument for removal on the basis that the CDA preempts Plaintiff's claims thus requires Defendant to demonstrate that Section 230 of the CDA preempts state law entirely within its field. It does not. Courts operate under "the assumption that the historic police powers of the States [are] not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress," *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947); moreover, "[t]hat assumption applies with particular force when Congress has legislated in a field traditionally occupied by the States," *Altria Grp., Inc. v. Good*, 555 U.S. 70, 77 (2008). By its plain text, the CDA merely preempts those state laws that are in conflict with the CDA, and it specifically disclaims the preemption of consistent state laws: "Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section. No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). Given this language, the Court cannot find that "the scope of [the] statute indicates that Congress intended federal law to

6

occupy [the] field exclusively." *Freightliner Corp.* v. *Myrick*, 514 U.S. 280, 287 (1995); *accord Cisneros* v. *Sanchez*, 403 F. Supp. 2d 588, 593 (S.D. Tex. 2005) ("[T]he language used in § 230(e)(3) of the CDA clearly does not rise to the level of complete preemption."); *Zeran* v. *Am. Online, Inc.*, 958 F. Supp. 1124, 1131 (E.D. Va. 1997) (finding that "Congress has clearly expressed an intent not to preempt the field," and that "the CDA reflects no congressional intent, express or implied, to preempt all state law causes of action concerning interactive computer services"), *aff'd,* 129 F.3d 327 (4th Cir. 1997).

This Court therefore finds that it does not have jurisdiction over this case. Independently and in the alternative, the Court exercises its authority to permissively abstain from hearing this case and to equitably remand it. As apparent from the recitation of this case's procedural history, Defendant's attempted removal is a transparent delay tactic, an egregious abuse of the federal removal statute, and an unmeritorious attempt to avoid standing trial. Such tactics cannot be countenanced. Rule 11(c) of the Federal Rules of Civil Procedure permits the court, acting on its own initiative, to sanction an attorney, law firm, or party if the court determines — after an order to show cause and a reasonable opportunity to respond — that the attorney, law firm, or party has violated Rule 11(b) by making filings presented for the improper purpose of causing unnecessary delay, and by presenting frivolous arguments in support of its filing. Fed. R. Civ. P. 11(b)(1)-(2); *cf. Williamson* v. *Recovery Ltd. P'ship*, 542 F.3d 43, 51 (2d Cir. 2008) (finding Rule 11 sanctions appropriate for making "false, misleading, improper, or frivolous

representations to the court"). Defendant is hereby ORDERED to show cause in writing by July 10, 2015, pursuant to Federal Rule of Civil Procedure 11(c)(3), why the Court should not sanction him for the conduct described in this Opinion, *viz.*, making a frivolous removal of this case for the improper purpose of delaying the trial in New York Supreme Court.

For the foregoing reasons, Plaintiff's motion is GRANTED, and this case is hereby REMANDED to the Supreme Court, County of New York. Defendant has until on or before July 10, 2015, to respond to Plaintiff's application for fees and costs, and to this Court's order to show cause as to why Defendant should not be sanctioned under Rule 11. Plaintiff has until July 24, 2015, to submit a reply, if any.

SO ORDERED.

Dated:   June 12, 2015
         New York, New York

                                         _____
                                            KATHERINE POLK FAILLA
                                            United States District Judge