**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | | |
|---|---|---|
| In re:<br><br>CURTIS JAMES JACKSON, III,<br><br>　　　　　Debtor | x<br>:<br>:<br>:<br>:<br>:<br>x | Chapter 11<br><br>Case No. 15-21233 (AMN) |
| LASTONIA LEVISTON,<br><br>　　　　　Movant<br><br>　　　　　v.<br><br>CURTIS JAMES JACKSON, III,<br><br>　　　　　Respondent. | x<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x | |

**EX PARTE MOTION TO
SCHEDULE EXPEDITED HEARING AND TO LIMIT NOTICE**

Lastonia Leviston, movant and creditor and party-in-interest herein ("Movant"), hereby moves for an order scheduling an expedited hearing and shortening and limiting notice on her Motion for Relief from the Automatic Stay to proceed with the punitive damages phase of a trial pending against the debtor, Curtis James Jackson, III, in the New York Supreme Court.

In support of this Motion, Movant respectfully represents:

**RELEVANT BACKGROUND**

1.　On July 13, 2015 (the "Petition Date"), Curtis James Jackson, III (the "Debtor" or "Mr. Jackson") filed a voluntary petition for relief under Chapter 11 of the

Bankruptcy Code. No official committee of unsecured creditors has yet been appointed in the Chapter 11 case.

2. Mr. Jackson, also known as "50 Cent," is a world famous hip-hop artist and business mogul. In March 2009, Mr. Jackson intentionally released on his commercial website a private intimate video depicting the Plaintiff, Lastonia Leviston, having sex with her then boyfriend, Maurice Murray. The video was never intended to be disclosed or made public in any way. Not only did Mr. Jackson release the tape, but also he edited and narrated the video, superimposing himself (dressed in a purple fur coat) into the picture and speaking crudely and derisively of Ms. Leviston's nude body; calling graphic attention to Ms. Leviston's private parts; labeling Ms. Leviston a porn star and a prostitute; and questioning the paternity of her children. The editing process also included blurring out the face of the male in the video to protect his identity, while intentionally leaving Ms. Leviston's face fully visible for millions to see. This was done during a "rap beef" with competing artist, Rick Ross, who is the father of Ms. Leviston's child. Mr. Jackson knew that the more he destroyed Ms. Leviston and caused her pain and suffering, the better positioned he would be in the ongoing feud.

3. On February 24, 2010, Ms. Leviston sued the Debtor in the Supreme Court of the State of New York, County of New York (the "New York Supreme Court") asserting claims for intentional infliction of emotional distress and violation of the New York Civil Rights Law (the "State Court Action"). After much wrangling and resistance based on alleged inconvenience to the Debtor personally in going to trial, on March 12, 2015, the New York Supreme Court set a date for trial of May 26, 2015, which date was compatible with the Debtor's busy personal schedule.

4.  On May 26, 2015, Movant and her counsel appeared for trial with the full expectation that the trial would proceed as scheduled, but the Debtor and his counsel were no shows. Instead, an email was sent to the New York Supreme Court and Movant's counsel at exactly 11 am, which was the trial commencement time, advising that the case had been removed to Federal Court because Mr. Jackson's company, SMS Productions ("SMS"), had filed for bankruptcy in this Court.[1] One of Mr. Jackson's attempted justifications for the removal (through his counsel) was the great attention Mr. Jackson needed to provide to the SMS case and that the trial would be a distraction from his duties as sole shareholder.

5.  Federal Judge Failla, after probing carefully with the Debtor's bankruptcy counsel, suggested that the removal had been for purposes of delay and remanded the case forthwith. The state court proceedings resumed on June 1, 2015. Thereafter, Mr. Jackson filed a new motion to dismiss claiming an entirely new defense which was also found to be without merit by the trial court. After four days of argument and briefing, the trial court denied the motion to dismiss. Mr. Jackson then requested a stay, which was also denied. Four days of jury selection then ensued, and on June 11, 2015, a jury was sworn in. The following morning, minutes before opening statements were to begin, Mr. Jackson filed his second removal of the action to Federal District Court. Nine hours later, Judge Failla remanded the matter and issued a stinging rebuke to Mr. Jackson

---

[1] The weekend before the trial was to begin, counsel for the Movant and the Debtor worked together to prepare for the trial and although Debtor's counsel knew the Debtor was planning the removal/bankruptcy, they failed to inform the Movant of anything.

3

and entered a rule to show cause why he should not be sanctioned for a pre-textual, egregious abuse of the system.[2]

6. After two removals to Federal District Court and several other delay tactics employed by Mr. Jackson and his attorneys, the bifurcated jury trial on liability and entitlement to punitive damages commenced on June 15, 2015 in the New York Supreme Court. After nearly a month of trial, the jury returned a verdict in the amount of $5 million in favor of Ms. Leviston (the "Verdict"), and found that punitive damages should be assessed against Mr. Jackson.[3] In doing so, the jury determined that Mr. Jackson intentionally caused severe emotional distress to Ms. Leviston. It should be noted that although Mr. Jackson had claimed his schedule was the issue initially and that he needed to tend to SMS, there has been minimal activity in the SMS bankruptcy, other than the creditor's meeting, at which he did not appear. Nor did he attend even one second of the trial.

7. On the morning of July 13, 2015, when the punitive damages phase of the trial was set to commence, and to which the Debtor was subpoenaed to appear to testify, the Debtor filed the instant Chapter 11 bankruptcy petition to evade showing up at trial.

8. When the Honorable Paul Wooten, the State Court judge presiding over the trial, was informed of the bankruptcy filing, he noted on the record his frustration with the delays which he called "torturous. He also noted that "based on the time and effort that has been put into this case, every effort should be made to have this matter

---

[2] A true and correct copy of the sanctions order is attached to the Lift Stay Motion as Exhibit "A."

[3] A true and correct copy of the jury Verdict is attached to the Lift Stay Motion as Exhibit "B".

4

resolved before this particular jury that has rendered the special verdict". See the transcript in the Matter of Lastonia Leviston v. Curtis Jackson, July 13, 2015, page 1454, Lines 15-14.[4]

9. Judge Wooten is holding the jury until Monday to give Movant an opportunity to obtain stay relief, so that the if the relief is granted, the punitive damages phase of the trial can proceed before this jury.

10. Simultaneously herewith, the Movant filed a Motion to Lift the Automatic Stay (the "Lift Stay Order") requesting authority to proceed with the State Court Action against the Debtor.

## **RELIEF REQUESTED**

11. Pursuant to Federal Rule of Bankruptcy Procedure 9006(c)(1), the court may reduce the notice period concerning a hearing if "cause" is shown. Fed. R. Bankr. P. 9006(c)(1).

12. The Movant submits that it is crucial that the Court consider the Lift Stay Motion on an expedited basis. As noted above, Judge Wooten is holding the jury until Monday to give Movant an opportunity to obtain stay relief, so that the if the relief is granted, the punitive damages phase of the trial can proceed before this jury. Accordingly, the Movant submits that "cause" exists for the Court to schedule an expedited hearing on the Lift Stay Motion for **July 16, 2015 at 10:00 a.m**.

13. By this Motion, the Movant is also seeking to limit notice of the Lift Stay Motion to the parties identified on the proposed order submitted herewith.

---

[4] A true and correct copy of transcript is attached to the Lift Stay Motion as Exhibit "C".

5

**WHEREFORE**, the Movant respectfully requests an order scheduling an expedited hearing on the Lift Stay Motion and limiting notice as requested, and such other or further relief as the Court may deem just, equitable and proper.

Dated this 13th day of July, 2015 at Bridgeport, Connecticut.

>MOVANT,
>LASTONIA LEVISTON
>
>By: /s/ Elizabeth J. Austin
>    Elizabeth J. Austin (ct04384)
>    Jessica Grossarth (ct23975)
>    Pullman & Comley, LLC
>    850 Main Street
>    P.O. Box 7006
>    Bridgeport, CT  06601-7006
>    Telephone:  (203) 330-2000
>    Facsimile:  (203) 576-8888
>    E-Mail: eaustin@pullcom.com
>    jgrossarth@pullcom.com
>    Her Attorneys