IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| CURTIS JAMES JACKSON, III, | § | CASE NO. 15-21233 (AMN) |
| | § | |
| DEBTOR. | § | |

**APPLICATION TO EMPLOY GSO BUSINESS MANAGEMENT, LLC AS
FINANCIAL ADVISORS AND ACCOUNTANTS FOR THE DEBTOR**

Curtis James Jackson, III (the "Debtor"), the debtor and debtor in possession in the above-captioned bankruptcy case (the "Bankruptcy Case"), submits his application (the "Application") for an order authorizing the Debtor to retain and employ GSO Business Management, LLC ("GSO") as his financial advisor and accountants effective as of the Petition Date, under §§ 327, 328 and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code")[1] and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). This Application is supported by the Declaration of Jonathan Schwartz (the "Schwartz Declaration"), which is attached as **Exhibit A**. Further in support of this Application, the Debtor states as follows:

### I. Jurisdiction and Venue

1. <u>Petition Date</u>. On July 13, 2015 (the "Petition Date"), the Debtor filed his voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the Bankruptcy Case.

2. <u>Continued Operations</u>. Under § 301, the filing of the petition constituted an order for relief under chapter 11 and, since that filing, under §§ 1107 and 1108, the Debtor has

---

[1] All of the section references contained in this Application not otherwise defined are to the Bankruptcy Code.

continued in possession and control of his assets and property and has continued to operate his business and manage his affairs.

3.  Jurisdiction.  This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2).

4.  Venue.  Venue is proper before this Court in this district under 28 U.S.C. §§ 1408 and 1409.

5.  Statutory Predicate.  The statutory predicate for the relief requested in this Application includes §§ 327, 328, 1107 and Bankruptcy Rule 2014.

## II. Factual Background

6.  The Debtor, Curtis James "50 Cent" Jackson, III, is an internationally recognized recording artist, an actor, an entrepreneur and a philanthropist.  Since his entrance onto the music scene in 2003 with his multi-platinum debut album, the Debtor has sold more than 22 million albums worldwide, and has received numerous awards and Grammy nominations throughout his career.

7.  As a result of the Debtor's success, he has been fortunate to acquire a significant amount of assets.  Like many other celebrity entertainers that make their living in full view of the public eye, however, the Debtor has also accumulated a substantial amount of liabilities as well.  Notwithstanding this fact, the Debtor's bankruptcy filing is not primarily a result of excessive current expenses exceeding his current revenues, but rather the substantial costs of litigation and resulting awards against him in the past year which total in excess of $20 million, and which are discussed in more detail below.  While the Debtor has substantial assets, he does not have the ability to pay the full amount of these litigation claims and all other asserted claims at the present time, thereby necessitating this chapter 11 filing.

8. The Debtor filed his chapter 11 petition to obtain the full protections of the bankruptcy laws in order to reorganize his financial affairs in a reasonable and timely manner and in accordance with an approved plan for the benefit of his estate and all of his creditors. In connection with this Bankruptcy Case, the Court will determine the extent and value of the Debtor's assets and liabilities – and, thus, the Debtor's net worth.

### III.  Relief Requested

9. By this Application, the Debtor seeks to employ and retain GSO as his financial advisor and accountants under §§ 327, 328, 1107 and Bankruptcy Rule 2014 as of the Petition Date. The Debtor selected GSO as his financial advisor and accountants because GSO is well qualified to perform those services in a cost-effective, efficient and timely manner.

### IV.  Relationship With GSO

10. As an internationally recognized recording artist, actor, entrepreneur and philanthropist, the Debtor performs his operations through several corporate entities that he has interests in (collectively, the "Related Entities"). Pre-Petition, GSO performed financial advisory and accounting services for the Debtor and all of the Related Entities (except for Street King LLC), as listed below.

| Entity | Operations of the Related Entity |
| --- | --- |
| Curtis James Jackson, III | Financial advisory and accounting services |
| Cheetah Vision Inc. | Television shows and movies |
| Tomorrow, Today Entertainment Inc. | Website (thisis50.com) |
| G-Unit Film and Television Inc. | Film company |
| G-Unit Touring Inc. | Touring company |

| Entity | Operations of the Related Entity |
|---|---|
| G-Unit Brands Inc. | Endorsement deals |
| Rotten Apple Records Inc. | Royalties, side artists, publishing |
| 50¢s Liquid Assets Inc. | Royalties |
| G-Unit Merchandising Inc. | FEA deal ó tour only |
| G-Unit Books Inc. | Book deals, royalties |
| G-Unit Adult Films Inc. | Production of adult films, royalties |
| G-Unit Records Inc. | Label, office, salaries |
| G-Unity Foundation Inc. | Charity |
| Hollow Point Inc. | Corporate entity not presently used |
| Love Me Love Me Not Short Film LLC | Short film, royalties |
| Things Fall Apart LLC | Short film, royalties |
| In the Passing Lane LLC | Ownership of automobiles, payment of drivers, all car-related expenses |
| Before I Self Destruct Short Film LLC | Short film, royalties |
| G-Unit Clothing LLC | Inactive corporate entity, but possible new clothing deal in the works |
| 50 Cent Music LLC | Inactive corporate entity |
| CT Lights LLC | Connecticut home expenses and mortgage, Los Angeles rental property |
| SMS Promotions, LLC | Promotion of boxers, and the operations of a Las Vegas, Nevada gym |
| Animal Ambition Short Film LLC | Inactive corporate entity |
| Street King LLC | The Debtor made an investment in this entity through 50¢s Liquid Assets Inc. |

| Entity | Operations of the Related Entity |
|---|---|
| TMT Promotion LLC | Inactive corporate entity that previously handled boxing promotion for Floyd Mayweather |
| Tomorrow, Today Short Film LLC | Inactive corporate entity |
| Sire Spirits LLC | Effen Vodka / Beam deal |
| Broadway Boxing LLC | Inactive corporate entity that is slated to be involved with boxing promotions in the future |
| CJJ Enterprises LLC | Inactive corporate entity |
| SMS Audio LLC | Headphones |
| SMS Kono Audio LLC | Headphones |
| G Note Records, Inc. | Recording deals |

11. In performing financial and advisory and accounting services for the Debtor and the Related Entities pre-petition, GSO was paid a flat fee of $30,000 per month by G-Unit Records Inc. As of the Petition Date, GSO was not owed any amounts by the Debtor and the Related Entities and, as a result, is not a pre-petition creditor of the Debtor.

### V. GSO's Qualifications

12. GSO is a premier business management firm. It has a staff of certified public accountants, accountants, bookkeepers, as well as in-house royalty and insurance departments. GSO represents many of the world's top entertainers, musicians, producers, athletes, and high net worth individuals.

13. The services that GSO provides its clients include the following: (a) monthly cash flow budgeting and analysis; (b) asset acquisition and disposition assistance; (c) estate

planning; (d) business transaction analysis; (e) bookkeeping and bill paying; (f) risk management and insurance services; and (g) income tax planning and tax preparation.

15. GSO is familiar with the Debtor's financial condition, business operations, and many of the issues that will be addressed in this Bankruptcy Case. Accordingly, the Debtor believes that GSO has the necessary experience and background to deal effectively with many of the financial advisory and accounting issues and problems that may arise in the context of this Bankruptcy Case, and that GSO is both well-qualified and able to perform the proposed financial advisory and accounting services for the Debtor in an efficient and effective manner.

## VI. Services to be Provided by GSO

15. GSO will provide financial advisory and accounting services to the Debtor in the course of this Bankruptcy Case, as follows (the "Financial Advisory and Accounting Services"):

    (a) assistance and financial advice in the Debtor's negotiations with his creditors and other parties in interest;

    (b) assistance in the preparation of the Debtor's Schedules and Statement of Financial Affairs;

    (c) accounting for all receipts and disbursements from the estate (e.g., payment of bills, accounting for revenue) and the preparation of all necessary reports (e.g. Monthly Operating Reports);

    (d) assistance in preparing the Debtor's tax returns;

    (e) financial management of the Related Entities and any other business operations of the Debtor;

    (f) acquisition and management of insurance; and

    (g) analysis of financial data necessary to obtain confirmation of a plan of reorganization/liquidation or consummation of a settlement.

16. Subject to the Court's approval of this Application, GSO has indicated that it is willing to provide the above-mentioned services to the Debtor in this Bankruptcy Case.

17. For the purposes of this Application and any further notices, the name, mailing address, and telephone number of the professional primarily responsible for the services rendered by GSO to the Debtor is:

> **Michael Oppenheim**
> GSO Business Management, LLC
> 15260 Ventura Blvd., Suite 2100
> Sherman Oaks, CA  91403
> Telephone:  (818) 990-0550

18. GSO has stated its desire and willingness to act in this chapter 11 case and render the necessary professional services as the financial advisor and account to the Debtor.  The Debtor requires knowledgeable personnel to render these essential professional services.  As noted above, GSO has substantial expertise in all of these areas.  As a result, GSO is well qualified to perform these services for the Debtor in this Bankruptcy Case.

19. As noted above, GSO was paid a flat fee of $30,000 by G-Unit Records Inc. to perform \financial advisory and accounting services for the Debtor and the Related Entities.  The Debtor proposes to continue this arrangement post-petition.  In this way, GSO will perform the Financial Advisory and Accounting Services for the Debtor and the Related Entities, but will not be paid by the Debtor.  GSO will continue to be paid by the non-debtor entity G-Unit Records Inc.

20. For the provision of Financial Advisory and Accounting Services, the Debtor proposes that GSO not be required to file fee applications because GSO will not be paid by the Debtor or his bankruptcy estate.  However, the Debtor also requires GSO, including its employee Mai Pho, to undertake litigation support and testimony services (collectively, ō<u>Litigation Support</u>ö).  This Litigation Support will be performed solely for the benefit of the Debtor and not any of the other Related Entities.  For the provision of Litigation Support, the Debtor proposes

that GSO apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court and guidelines (the "Guidelines") established by the United States Trustee (the "UST"). The customary hourly rates, subject to periodic adjustments, charged by GSO professionals are: (a) Partners at $450; (b) Senior Accountants at $225; (c) Bookkeepers at $150-$200; and (d) Administrative Support Staff at $125.

## VII. Disclosure Concerning Conflicts Of Interest

21. To the best of the Debtor's knowledge, information and belief, except as is fully disclosed in the Schwartz Declaration, **Exhibit A** hereto, GSO represents no interests adverse to the Debtor. GSO has been paid for all pre-petition work for the Debtor, and is not a creditor of the Debtor. Other than the matters disclosed in the Schwartz Declaration, GSO has no further connection with any of the Debtor's creditors, the UST, or any other party with any actual or potential interest in this Bankruptcy Case. The Debtor believes that GSO is a "disinterested person," as defined in § 101(14). The Debtor submits that the employment of GSO would be in the best interest of the Debtor, his estate, and creditors.

## VIII. Prayer

The Debtor prays that the Court enter an order granting this Application, authorizing the employment and retention of GSO as the Debtor's financial advisory and accountant under the terms and conditions outlined herein as of the Petition Date, and awarding the Debtor such other and further relief, special or general, at law or in equity, as this Court may deem just and proper.

Dated: July 19, 2015								Respectfully submitted,

**NELIGAN FOLEY LLP**

*/s/ Patrick J. Neligan, Jr.*
Patrick J. Neligan, Jr.
Texas State Bar No. 14866000
pneligan@neliganlaw.com
James P. Muenker
Texas State Bar No. 24002659
jmuenker@neliganlaw.com

325 N. St. Paul, Suite 3600
Dallas, Texas 75201
Telephone: (214) 840-5300
Facsimile: (214) 840-5301

**ZEISLER & ZEISLER P.C.**

*/s/ James Berman*
James Berman
CT Bar No. 06027
jberman@zeislerlaw.com
558 Clinton Avenue
Bridgeport, Connecticut 06605
Telephone: (203) 368-4234
Facsimile: (203) 367-9678

**PROPOSED COUNSEL TO THE DEBTOR**

## Certificate of Service

The undersigned counsel hereby certifies that the 19th day of July, 2015, a true and correct copy of the foregoing was served electronically via this Court's ECF notification system.

    */s/ Patrick J. Neligan, Jr.*
    Patrick J. Neligan, Jr.