UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.: 15-21233 (AMN) |
|     CURTIS JAMES JACKSON, III, | : | Chapter 11 |
|     *Debtor* | : | |
| | : | |
|     CURTIS JAMES JACKSON, III, | : | |
|     *Movant* | : | |
| v. | : | |
| | : | |
| BRANDON PARROTT AND ERICA TUCKER, | : | |
|     *Respondents* | : | Re: ECF No. 593 |

**RULING AND MEMORANDUM OF DECISION**
**<u>IMPOSING SANCTION FOR VIOLATION OF AUTOMATIC STAY</u>**

Before the court is a motion, by Curtis James Jackson, III, (the "Debtor") seeking legal fees and damages against Brandon Parrott and Erica Tucker (collectively "Respondents") for alleged violations of the automatic stay set forth in 11 U.S.C. § 362(a). ECF No. 593. The Debtor, having filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 13, 2015, seeks damages for the Respondents' act of filing, a complaint against him in the United States District Court for the Central District of California, Case No. CV16-4287-JJO (the "Complaint") during a time when the automatic stay was in effect. Respondents' *pro se* Complaint, filed on June 15, 2016, accused the Debtor, and seven others not before this court, of copyright infringement, unjust enrichment, and fraud, and demanded damages and injunctive relief. ECF No. 593.

On June 20, 2016, the Debtor's counsel informed Respondents of the pendency of this case by email, by attaching a copy of the Debtor's petition, informed them of the nature of the automatic stay, and demanded the Respondents dismiss the Complaint

against the Debtor.[1]  ECF No. 593.  Via email, Respondents replied the same day and inquired if Debtor's counsel were representing the Debtor in the Complaint, but did not respond to the demand to withdraw the action.  ECF No. 593.  On June 20, 2016, the Debtor filed a suggestion of Bankruptcy in the case pending in the Central District of California.  Case No. CV-16-4287, ECF No. 31; ECF No. 593.[2]

The Debtor filed the instant motion on August 15, 2016.  ECF No. 593.  After the motion had been pending for several months, the court ordered the Debtor to pursue the motion or it would be denied.  ECF No. 770.  The Debtor requested a hearing, but when the Debtor failed to prosecute the motion at the appointed date and time, the court denied it.  ECF No. 772, 794.  The court later vacated the denial at the Debtor's request.  ECF No. 805.  The court heard argument on the motion on June 21, 2017, and took the matter under advisement.

Prior to the June 21, 2017, hearing Debtor's counsel filed affidavits detailing their respective fees incurred for responding to Respondents' Complaint and filing the instant motion.  Zeisler & Zeisler, P.C., local counsel for the Debtor, requested $3,040.00 in fees for prosecuting the instant motion.  ECF No. 840.  Neligan Foley LLP, primary counsel for the Debtor, requested $15,505.50 in fees for prosecuting the instant motion.  ECF No. 852, 853.  Other than requests for legal fees, the Debtor's motion did not request any specific damages.

---

[1]  At a hearing on June 21, 2017, Debtor's counsel informed the court that the Debtor was never personally served with the Lawsuit. ECF No. 855. Despite a lack of formal service, for reasons unclear in the record, the Debtor became aware of the lawsuit.

[2]  This court takes judicial notice of the docket in the case filed by Respondents in the Central District of California. Fed. R. Evid. 201. The Docket indicates the "Notice of Filing Bankruptcy" filed on behalf of the Debtor, and referenced in the instant motion, was stricken for procedural reasons by the Central District of California Court on June 21, 2016. Case No. CV-16-4287, ECF No. 31. The Docket further indicates an amended "Notice and Suggestion of Bankruptcy Case and pendency of Automatic Stay" was filed on behalf of the Debtor on August 22, 2016.

Despite notice of the initial motion, and the June 21, 2017 hearing to consider the matter, Respondents have neither filed a response, nor appeared on the record, to contest the Debtor's motion.  ECF No. 595, 822.

For the reasons that follow, the court grants the motion, finding that a violation of the automatic stay has occurred, and the court awards partial damages requested by the Debtor.

### I.    JURISDICTION AND VENUE

This memorandum constitutes the court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, applicable here pursuant to Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. This court has jurisdiction of the motion pursuant to 28 U.S.C. §§ 1334(b) and 157(a), and (b)(1), and the United States District Court for the District of Connecticut's General Order of Reference dated September 21, 1984.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A).  Venue is proper before this court in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.    LAW AND DISCUSSION

#### A. Violation of the Automatic Stay – 11 U.S.C. § 362.

##### i. Relevant Law

It is fundamental that pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition automatically operates as a stay, applicable to all entities, to "the commencement or continuation, … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title" and to "the enforcement, against the debtor or against property of the

estate, of a judgment obtained before the commencement of the case under this title." 11 U.S.C. §§ 362(a)(1), 362(a)(2); see 3-362 Collier on Bankruptcy P 362.01. The broad reach of § 362(a) is limited only by the select exceptions outlined in § 362(b), none of which apply in this case. In the Second Circuit, the automatic "stay is effective immediately upon the filing of the petition" and "without the requirement of notice to the affected parties." *In re Heating Oil Partners, LP*, 422 Fed. Appx. 15, 18 (2d Cir. 2011)(summary order), *citing In re Colonial Realty Co.*, 980 F.2d 125, 137 (2d Cir.1992).

Violations of the automatic stay are punishable as contempt of court. Pursuant to 11 U.S.C. § 362(k)(1), acts that violate the stay are void, and if "willful," provide a proper basis for the assessment of damages. 11 U.S.C. § 362(k)(1). Section 362(k)(1), states in relevant part:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.
> 11 U.S.C. § 362(k)(1).

"A creditor willfully violates section 362 when it knows of the filing of the petition (and hence of the automatic stay), and has the general intent simply to perform the act found to violate section 362; no specific intent to violate section 362 is necessary." *In re Weber*, 719 F.3d 72, 82 (2d Cir. 2013)(a good-faith mistake does not preclude a finding of contempt), *see also, In re Campbell*, 398 B.R. 799, 812 (Bankr.D.Vt. 2008)(a good faith mistake of law will not relieve a willful violator of the consequences of its act).

In order to recover damages, a debtor must "prove three elements: (1) the offending party violated the automatic stay; (2) the violation was willful; and (3) that the willful violation caused the debtor an injury." *In re Crowder*, 62 Bankr.Ct.Dec. 202, 2016 WL 3453214, at *2 (Bankr.W.D.N.Y. 2016). A debtor "bears the burden of proving that

damages were actually incurred." *In re Sturman*, 2011 WL 4472412, at *3 (S.D.N.Y. 2011)(where no injury results from the violation of the automatic stay, an award of damages is clearly inappropriate); *see also*, *In re Manchanda*, No. 16-10222 (JLG), 2016 WL 3034693, at *5 (Bankr.S.D.N.Y. 2016)(debtor must prove by a preponderance of the evidence that he or she suffered damages)(*unpublished*).

### ii. Discussion Regarding Violation of the Automatic Stay

Filing a complaint in federal court naming a debtor as a defendant after he or she has filed for relief under the Bankruptcy Code is an axiomatic violation of the automatic stay. Although it seems improbable that Respondents were unaware of the Debtor's case, given the Debtor's notoriety as an entertainer, the court need not make specific findings as to the Respondents' knowledge of the Debtor's case, or lack thereof. The automatic stay "takes effect automatically and without the requirement of notice to affected parties." *Heating Oil Partners*, 422 Fed. Appx. At 18. The court concludes Respondents' filing of the Complaint violated the automatic stay of 11 U.S.C. § 362(a)(1).

The question of whether Respondents' had knowledge of the stay, and thus whether the violation of the stay was willful, is relevant to the question of damages. 11 U.S.C § 362(k). "For the purposes of § 362(k), 'willful' means 'any deliberate act taken in violation of a stay, which the violator knows to be in existence.'" *Sturman*, 2011 WL 4472412, at *2 (quoting *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1105 (2d Cir 1990)). Here, on June 20, 2016, Debtor's counsel informed respondent the Debtor had filed for relief under the bankruptcy code. ECF No. 593. The letter informed the Respondents the automatic stay was in effect, and demanded Respondents withdraw the Complaint against the Debtor. The Respondents responded to Debtor's counsel, which,

in effect, acknowledged the Debtor's status as a debtor under the protection of the automatic stay. That the Respondents did not take immediate steps to withdraw the Complaint, which itself was a violation of the stay, is evidence of the willful nature of the violation of the stay. *See Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002) ("The maintenance of an active collection action alone adequately satisfies the statutory prohibition against 'continuation' of judicial actions. Consistent with the plain and unambiguous meaning of the statute, and consonant with Congressional intent, we hold that § 362(a)(1) imposes an affirmative duty to discontinue post-petition collection actions."). Having been put on notice, Respondents were obliged to take affirmative steps to withdraw or dismiss the Complaint. *In re Weber*, 719 F.3d 72, 82-83 (2d Cir 2013) ("'[S]o long as the violator possessed general intent in taking actions which have the effect of violating the automatic stay the intent required by § 362(h) is satisfied.'") (*quoting In re Dominguez*, 312 B.R. 499, 508 (Bankr. S.D.N.Y. 2004)). The court concludes Respondents' failure to withdraw the Complaint against the Debtor amounts to a willful violation of the automatic stay.

Turning to the issue of damages, the court is obliged to zealously enforce the automatic stay. "The automatic stay afforded by section 362 is intended to be a shield protecting debtors and their estates, and should not be used as a sword for their enrichment." *In re Skeen*, 248 B.R. 312, 321 (Bankr. E.D. Tenn. 2000)(*quoting McHenry v. Key Bank. (In re McHenry).* 179 B.R. 165, 168-69 (B.A.P. 9th Cir. 1995). The debtor bears the burden of establishing actual damages resulting from the violation of the automatic stay. *Sturman*, 2011 WL 4472412, at *3. Here, the Debtor has not alleged any actual damages from Respondents' violation of the automatic stay other than attorneys

fees for prosecuting the instant motion.  While attorneys fees for defending the Debtor's protection under the automatic stay are compensable damages under § 362(k), such " 'fees and costs must be reasonable and necessary,' so as to avoid 'foster[ing] a cottage industry built around satellite fee litigation.'" *Id.* At *4 (*quoting In re Prusan*, 495 B.R. 203, 208 (Bankr. E.D.N.Y. 2010)).  Here, Debtor's counsel seeks a total of $18,545.50.  Debtor's counsel submitted itemized billing records along with the instant motion, which detailed the time spent prosecuting the instant motion.  At the June 21, 2017 hearing, Debtor's counsel conceded that after it filed a suggestion of bankruptcy in the Central District of California on June 20, 2017, no further action was taken by Respondents against the Debtor.[3]  ECF No. 855, 00:05:30 – 00:06:30.

Respondents' Complaint was filed in violation of the automatic stay.  At the time the Complaint was filed, the threat to the Debtor's estate was real, and the Debtor's steps, by virtue of contacting Respondents, and filing the Suggestion of Bankruptcy in the Central District of California were "reasonable and necessary to vindicate [the Debtor's] rights or the congressional policies underlying 362(k)." *In re Beebe*, 435 B.R. 95, 102 (Bankr. N.D.N.Y. 2010).  Costs incurred by the Debtor to have Respondents withdraw the offending Complaint and cease the violative conduct, are compensable damages under §362(k).  However, costs incurred bringing the instant motion, are not compensable damages. *Sturman*, 2011 WL 4472412, at *4.  Though the Debtor was the victim of a willful violation of the automatic stay, once Debtor's counsel filed a suggestion of

---

[3]  This court takes judicial notice of the Docket in case filed by Respondents in the Central District of California, Docket No. CV-16-4287.  Fed. R. Evid. 201.  The docket reflects that on August 16, 2016, Respondents filed a "FIRST AMENDED COMPLAINT" against the Debtor, and others.  ECF No. 46.  This court views the Debtor's concession at the June 21, 2017 hearing, that no "progress" was made against the Debtor after the first, albeit subsequently stricken, "NOTICE OF FILING BANKRUPTCY," was filed in the Central District of California on June 20, 2016, to waive a right to redress for any subsequent violation of the automatic stay arising from these facts.

bankruptcy in the Central District of California, there were no further acts against the Debtor. Nor did the Debtor suffer any additional damages beyond June 20, 2016, other than his claims for attorneys fees for filing the instant motion.

The court has reviewed and considered the billing records submitted by counsel in support of the instant motion. ECF No. 840, 853. Having concluded the Debtor suffered no damages for responding to Respondents violations of the automatic stay beyond June 21, 2016, the Court awards fees to the Debtor, Zeisler & Zeisler, P.C., in the amount of $150.00, representing its fees incurred on and before June 21, 2016, and to Neligan Foley LLP, in the amount of $1,914.00, representing its fees incurred on and before June 21, 2016.

NOW THEREFORE, it is hereby,

ORDERED, Brandon Parrott and Erica Tucker, jointly and severally shall pay Debtor's counsel, Zeisler & Zeisler, P.C., in the amount of $150.00 on or before December 31, 2017; and

ORDERED, Brandon Parrott and Erica Tucker, jointly and severally shall pay Debtor's counsel, Neligan Foley LLP, in the amount of $1,914.00 on or before December 31, 2017.

Dated on October 17, 2017, at New Haven, Connecticut.



Ann M. Nevins
United States Bankruptcy Judge
District of Connecticut