## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

| | |
|---|---|
| In Re: | : |
| CURTIS JAMES JACKSON, III, | : CHAPTER 11 |
| Debtor. | : CASE NO. 15-21233 (AMN) |
| _____ | : |
| CURTIS JAMES JACKSON, III, | : |
| Plaintiff, | : ADVERSARY PROCEEDING |
| | : CASE NO. 17-02005 (AMN) |
| v. | : |
| REED SMITH LLP AND PETER RAYMOND, | : JANUARY 19, 2021 |
| Defendants. | : |

### REED SMITH LLP'S AND PETER RAYMOND'S OBJECTION TO REORGANIZED DEBTOR'S MOTION FOR ENTRY OF FINAL DECREE AND ORDER CLOSING THE CHAPTER 11 CASE

Reed Smith LLP and Peter Raymond (together, "Reed Smith") respectfully submit this Objection to Reorganized Debtor's Motion for Entry of Final Decree and Order Closing the Chapter 11 Case, ECF No. 950 (the "Motion"). In support of this Objection, Reed Smith states as follows:

1. As the Court is aware, in response to Reed Smith LLP's Proof of Claim, Debtor Curtis James Jackson, III initiated an adversary proceeding against Reed Smith on January 27, 2017 (the "Adversary Proceeding").

2. Reed Smith filed a Motion for Summary Judgment in the Adversary Proceeding. That motion was fully briefed as of June 26, 2020 and is presently pending before the Court. *See Curtis James Jackson, III v. Reed Smith LLP*, No. 17-02005, AP-ECF Nos. 299-305, 330-335, 349-50.

3. Although Reed Smith's Summary Judgment Motion remains pending, Mr. Jackson now seeks to close his bankruptcy case.

4. Reed Smith submits this Objection to Mr. Jackson's Motion because of the impact it could have on Reed Smith's Summary Judgment Motion, as well as (i) Reed Smith's pending Proof of Claim, and (ii) the parties' respective claims for attorneys' fees related to the litigation in the Adversary Proceeding and the claim objection. *See* ECF No. 950 ¶¶ 4, 9.

5. "The general rule is that dismissal of [a] bankruptcy case results in a dismissal of all pending adversary proceedings." 1 Bankruptcy Litigation § 5:204 (collecting cases). This is also the rule in the Second Circuit. *See In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995) ("We join several other circuits in adopting the general rule that related proceedings ordinarily should be dismissed following the termination of the underlying bankruptcy case.").

6. "This general rule favors dismissal because a bankruptcy court's jurisdiction over . . . related proceedings depends on the proceedings' nexus to the underlying bankruptcy case." *Id.* Further, Article XII of the Plan states that the Court "will retain the fullest and most extensive jurisdiction as is legally permissible" but *only* "[u]ntil the Bankruptcy Case is closed." *See* Findings of Fact, Conclusions of Law & Order Confirming Third Am. Plan of Reorganization 36, ECF No. 552.[1]

7. Thus, closing the bankruptcy case—as Mr. Jackson has requested—could impact the scope of the Court's jurisdiction over the Adversary Proceeding, subject to the Court's consideration of whether to continue to exercise jurisdiction over an adversary proceeding based on "judicial economy, convenience to the parties, fairness and comity." *In re Porges*, 44 F.3d

---

[1] Article 12.04 states that the Court shall retain jurisdiction over adversary proceedings. That retention of jurisdiction is subordinate to Article XII's declaration that jurisdiction shall continue only until Mr. Jackson's bankruptcy case is closed.

at 162-63; *see In re Clinton Nurseries, Inc.*, No. 17-31897 (JJT), 2020 WL 1237212, at *4 (Bankr. D. Conn. Mar. 6, 2020) (suggesting, on very different facts, that the court could exercise jurisdiction over adversary proceedings following the closing of a bankruptcy case because the adversary proceedings were transferred to, and prosecuted by, a trust that was completely separate from the debtor, "thus, severing any rights, duties or obligations that the Debtors' estates might have had under the Plan"). *But see Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 80-82 (7th Cir. 1995) (Posner, J.) (holding it was appropriate to "relinquish jurisdiction" over an adversary proceeding arising under state law upon the termination of the "underlying bankruptcy proceeding" and observing that "when [a] bankruptcy proceeding is dismissed, the adversary claim (when based solely on state law) is like the cartoon character who remains momentarily suspended over a void, spinning his legs furiously, when the ground has been (quite literally) cut out from under him").[2]

8.  Respectfully, there is no compelling reason for Mr. Jackson to insist on the closure of his bankruptcy case at this time.  The Court and the parties have put considerable time and effort into the Adversary Proceeding, and the Court is intimately aware of the many facts and issues that have arisen during the course of that Adversary Proceeding.  The minimal cost of having to file periodic reports to the Court does not justify jeopardizing the right of the parties to have their respective positions fully and finally adjudicated on the merits.

9.  If Mr. Jackson still insists on the bankruptcy case being closed now with the Adversary Proceeding still undecided, knowing that the Court might choose not to retain

---

[2] *See also Northwood Estates v. Evergreen Bank, NA*, 114 F. App'x 416, 417 (2d Cir. 2004) ("In this case, where the claim at issue was collateral to the closed proceeding, there is no indication of any retention of jurisdiction broad enough to include the present claim."); *Pal Family Credit Co. v. Cty. of Albany*, 425 B.R. 1, 7 (N.D.N.Y. 2010) (affirming, upon closure of bankruptcy case, the dismissal of an adversary proceeding that "relate[d] to state law causes of action" and had not reached trial); *In re Porzio*, 622 B.R. 20, 21 (Bankr. D. Conn. 2020) (dismissing adversary proceeding upon dismissal of Chapter 13 case).

jurisdiction, or might be deemed unable to have retained jurisdiction of the Adversary Proceeding, then Reed Smith would be severely prejudiced. After the Court and the parties have already put in so much time and effort into this matter, if the closure of the bankruptcy case requested by Mr. Jackson were to result in the dismissal of Mr. Jackson's Adversary Proceeding, the dismissal of Mr. Jackson's claims should be with prejudice. *See Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985) (directing that a claim be dismissed with prejudice when the plaintiff took action to end a case after substantial resources had been spent: "Reasons of judicial economy alone would appear to dictate that one full and fair attempt to prove this claim is enough").

10. Therefore, to guard against any unfair disadvantage precipitated by Mr. Jackson's Motion at this time, Reed Smith respectfully requests that if the Court grants that Motion and closes the bankruptcy case, any such Order also includes provisions allowing Reed Smith's Proof of Claim, dismissing Mr. Jackson's claims with prejudice, providing for an award of Reed Smith's attorneys' fees as a prevailing party, and granting Reed Smith such other and further relief as this Court deems just and proper.

                                                Respectfully submitted,

Dated:  January 19, 2021                    AXINN, VELTROP & HARKRIDER LLP

                                                /s/ Thomas G. Rohback
                                                Thomas G. Rohback (ct01096)
                                                Drew Alan Hillier (ct30252)
                                                90 State House Square
                                                Hartford, CT 06103
                                                Tel:  860.275.8100
                                                Fax:  860.275.8101
                                                Email: trohback@axinn.com
                                                        dhillier@axinn.com

                                                Craig M. Reiser, admitted *pro hac vice*
                                                114 W 47th St
                                                New York, NY 10036
                                                Tel:  212.728.2200
                                                Fax: 212.261.5654
                                                Email: creiser@axinn.com

                                                *Attorneys for Defendants*
                                                *Reed Smith LLP and Peter Raymond*

## **CERTIFICATE OF SERVICE**

I hereby certify on the 19th day of January, 2021, a copy of the foregoing was filed electronically and will be served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Thomas G. Rohback*
Thomas G. Rohback (ct01096)