**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

```
-------------------------------------------------------X
In re:                                     :
                                           :
CURTIS JAMES JACKSON, III,                 :         CHAPTER 11
                                           :
              Debtor                       :         CASE NO. 15-21233(AMN)
-------------------------------------------------------X
```

**REORGANIZED DEBTOR'S REPLY IN FURTHER SUPPORT OF MOTION FOR
ENTRY OF FINAL DECREE AND ORDER CLOSING THE CHAPTER 11 CASE**

Curtis James Jackson, III, (the "Reorganized Debtor"), hereby files his reply in further

support of the Reorganized Debtor's Motion for Entry of Final Decree and Order Closing Chapter

11 Case (Doc. No. 950) (the "Motion").

1.       On January 14, 2021, the Reorganized Debtor filed the Motion, seeking the entry

of a final decree and an order closing this bankruptcy case (the "Bankruptcy Case"). On January

19, 2021, Reed Smith LLP and Peter Raymond (together, "Reed Smith") filed their objection (Doc.

No. 951) (the "Objection") to the Motion. In the Objection, Reed Smith argued that the Bankruptcy

Case should not be closed and that a final decree should not be entered at this time because of the

pendency of the adversary captioned Curtis James Jackson, III v. Reed Smith LLP, No. 17-02005

(the "Reed Smith Adversary Proceeding") and Reed Smith's pending Proof of Claim (the "Proof

of Claim"). In the alternative, Reed Smith requested that, if the Court closes the Bankruptcy Case,

the Reed Smith Adversary Proceeding be dismissed with prejudice, Reed Smith be awarded

attorneys' fees, and the Proof of Claim be allowed.

2.       The arguments raised by Reed Smith do not prevent the closure of the Bankruptcy

Case and the entry of a final decree. Bankruptcy cases may be closed while adversary proceedings

and determinations regarding proofs of claim are pending, and the Bankruptcy Court may retain jurisdiction over such proceedings. Moreover, the extraordinary alternative relief requested by Reed Smith is unwarranted.

3.     11 U.S.C. § 350(a) provides: "After an estate is fully administered and the court has discharged the trustee, the court shall close the case." Fed. R. Bankr. P. 3022 provides: "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on a motion of a party in interest, shall enter a final decree in the case." "A final decree is essentially an administrative task, a docket entry reflecting the conclusion of a case for record-keeping purposes." McClelland v. Grubb & Ellis Consulting Servs. Co. (In re McClelland), 377 B.R. 446, 453 (Bankr. S.D.N.Y. 2007). See also In re Fibermark, Inc., 369 B.R. 761, 767 (Bankr. D. Vt. 2007) ("[The final decree] does not, and is not designed to, identify the parties' rights, memorialize the parties' understandings, or establish any jurisdictional parameters.").

4.     "The phrase 'fully administered' is not defined by the Bankruptcy code or the Federal Rule of Bankruptcy Procedure. … Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered." Spierer v. Federated Dep't Stores, Inc. (In re Federated Department Stores, Inc.), 43 Fed. Appx. 820, 822 (6th Cir. 2002). See also Nesselrode v. Provident Fin., Inc. (In re Provident Fin., Inc.), 2010 Bankr. LEXIS 5047, *26 (9th Cir. BAP 2010) ("[B]ankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in Rule 3022, along with any other relevant factors."), aff'd, 466 Fed. Appx. 672 (9th Cir. 2012); In re Union Home & Indus., 375 B.R. 912, 917 (9th Cir. BAP 2007).

5.     Courts that have considered the meaning of "fully administered" have looked to the Advisory Committee Note to the 1991 amendment to Rule 3022:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed.  Factors that the court should consider in determining whether the state has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

Federal Rule of Bankruptcy Procedure 3022 Advisory Committee Note—1991 Amendment; see also In re Clinton Nurseries, Inc., 2020 Bankr. LEXIS 567, at *7 (Bankr. D. Conn. Mar. 4, 2020) (Tancredi, J.) (quoting same).

> Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered. . . . Moreover, [t]his statutory framework illustrates that determining when a case is 'fully administered' is a decision for the bankruptcy court based on consideration of numerous case-specific, procedural, and practical factors. The bankruptcy court is uniquely positioned to make this determination given that it will have overseen the particular debtor's case from the beginning and will have first hand knowledge of what matters have been, or need to be, completed before closure of the case. Further, the bankruptcy court will be very familiar with the debtor's confirmed plan of reorganization, the requirements for consummation of that plan, as well as the status of any pending motions, contested matters, and adversary proceedings. . . . Critically, not all the factors set forth in the Advisory Committee Note need to be present to establish that a case is fully administered for final decree purposes.

In re Clinton Nurseries, Inc., 2020 Bankr. LEXIS 567, at *8-9 (citations and quotation marks omitted).

6.      The Reorganized Debtor's estate has been fully administered within the meaning of Bankruptcy Code section 350 and Federal Rule of Bankruptcy Procedure 3022.

7.      First, the Order, dated July 7, 2016, (ECF Doc. No. 552, the "Confirmation Order") confirming the Debtor's Third Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated May 25, 2016 (ECF Doc. No. 485, the "Plan") has become final.

8.       Second, all payments required by the Plan have been fully distributed, with the sole exception of the Proof of Claim. The Disbursing Agent (as defined in the Plan) has paid unsecured creditors a dividend of 72% to 74% of their allowed claims and is holding funds sufficient to pay the Proof of Claim in the event that it is allowed.

9.       Third, the Plan of Reorganization has been consummated, and the Reorganized Debtor received his Chapter 11 discharge. The Reorganized Debtor continues to manage his properties and operate in the ordinary course of business.

10.      As to the last applicable factor, only the Reed Smith Adversary Proceeding and the adversary captioned Jackson v. GSO Management, LLC et al., Adv. Pro. No. 17-02068 (the "GSO Adversary Proceeding" and together with the Reed Smith Adversary Proceeding, the "Adversary Proceedings"), remain pending. Any recovery from those proceedings will not pass through the Reorganized Debtor's estate and will go directly to the Reorganized Debtor.

11.      Despite Reed Smith's protestations, and for the avoidance of any doubt, the Reorganized Debtor is not attempting to use the closure of the Bankruptcy Case as a vehicle to cause the dismissal of the Reed Smith Adversary Proceeding. The Reorganized Debtor maintains that the Court should retain jurisdiction over the Adversary Proceedings to their completion.

12.      Reed Smith cites Porges v. Gruntal & Co. (In re Porges), 44 F.3d 159, 162 (2d Cir. 1995), for the proposition that the "general rule" that adversary proceedings ordinarily should be dismissed when the underlying bankruptcy case is terminated. (Objection, ¶ 5.) This is a correct statement of the general rule. However, the Second Circuit in Porges went on to hold that

> [n]otwithstanding this general rule, however, nothing in the Bankruptcy Code requires a bankruptcy court to dismiss related proceedings automatically following the termination of the underlying case. . . . Indeed, section 349 of the Bankruptcy Code authorizes bankruptcy courts to alter the normal effects of the dismissal of a bankruptcy case if cause is shown. . . . Accordingly, we hold that the dismissal of an underlying bankruptcy case does not automatically strip a federal court of

jurisdiction over an adversary proceeding which was related to the bankruptcy case at the time of its commencement. The decision whether to retain jurisdiction should be left to the sound discretion of the bankruptcy court or the district court, depending on where the adversary proceeding is pending.

44 F.3d at 162.

13.     Thus, the Bankruptcy Court may retain jurisdiction of pending adversary proceedings. In deciding whether to retain jurisdiction of related proceedings, "a court must consider four factors in determining whether to continue to exercise jurisdiction: judicial economy, convenience to the parties, fairness, and comity." Id. at 163.

14.     Judicial economy is certainly best served by the Bankruptcy Court retaining jurisdiction over the Adversary Proceedings. Both have been pending for several years in front of this Court and are at a mature stage in litigation. Indeed, as Reed Smith notes, "[t]he Court and the parties have put considerable time and effort into the Adversary Proceeding, and the Court is intimately aware of the many facts and issues that have arisen during the course of that Adversary Proceeding." (Objection, ¶ 8.) For the same reason, it obviously is more convenient to the parties to litigate in this forum.

15.     It also would be unfair to dismiss to all the Adversary Proceedings at this point. The parties have spent years prosecuting the Adversary Proceedings in this Court, have expended significant funds, and have employed local counsel in Connecticut.

16.     Last, comity does not counsel in favor of dismissing the Adversary Proceedings. The Reed Smith Adversary Proceeding directly implicates the Proof of Claim filed in this Bankruptcy Case. The GSO Adversary Proceeding involves acts that occurred after the commencement of the Bankruptcy Case and prior to confirmation of the Plan. Additionally, the Court retained jurisdiction over the Adversary Proceedings. (Confirmation Order, ¶ 24; Plan, § 12.04 ("Under Bankruptcy Code sections 105(a) and 1142, and notwithstanding entry of the

Confirmation Order, occurrence of the Effective Date, and/or substantial consummation of the Plan, the Bankruptcy Court will retain exclusive jurisdiction over all matters arising out of or related to the Bankruptcy Case and the Plan to the fullest extent permitted by applicable law, including but not limited to jurisdiction to: . . . (c) hear and determine any and all adversary proceedings, motions, applications, and contested or litigated matters arising out of or related to the Bankruptcy Case or the Plan; [and] (r) hear and determine any objection to any Claim (including any Administrative Claim), including the allowance, classification, priority, secured status, compromise, estimation, subordination, or payment thereof[.]").)

WHEREFORE, the Court should grant the Motion, closing this Bankruptcy Case and issuing a final decree, retain jurisdiction over the Adversary Proceedings, and grant the Reorganized Debtor such other and further relief as justice requires.

Dated this 11th day of February, 2021, at Bridgeport, Connecticut.

<div style="margin-left: 40%;">

CURTIS JAMES JACKSON, III,
THE DEBTOR

By:     */s/ John L. Cesaroni*
        Zeisler & Zeisler, P.C.
        James Berman (ct06027)
        John L. Cesaroni (ct29309)
        10 Middle Street, 15th floor
        Bridgeport, CT  06604
        Tel:(203) 368-4234
        Fax: (203) 549-0432
        Email:  jberman@zeislaw.com
                    jcesaroni@zeislaw.com
        Attorneys for the Debtor

</div>

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

-------------------------------------------------------X
In re:                                            :
                                                  :
CURTIS JAMES JACKSON, III,          :           CHAPTER 11
                                                  :
                Debtor               :           CASE NO. 15-21233(AMN)
-------------------------------------------------------X

**CERTIFICATE OF SERVICE**

I, John L. Cesaroni, hereby certify that on the 11th day of February, 2021, the Reorganized

Debtor's Reply in Further Support of Motion for Entry of Final Decree and Order Closing the

Chapter 11 Case was filed electronically and emailed via the Court's CM/ECF electronic noticing

system to the parties attached hereto on **Exhibit A**.

Dated this 11th day of February, 2021, at Bridgeport, Connecticut.

                                  CURTIS JAMES JACKSON, III,
                                  THE DEBTOR

By:     */s/ John L. Cesaroni*
                Zeisler & Zeisler, P.C.
                James Berman (ct06027)
                John L. Cesaroni (ct29309)
                10 Middle Street, 15th floor
                Bridgeport, CT  06604
                Tel:(203) 368-4234
                Fax: (203) 549-0432
                Email:  jberman@zeislaw.com
                            jcesaroni@zeislaw.com
                Attorneys for the Debtor

## EXHIBIT A

Abigail Hausberg on behalf of U.S. Trustee U. S. Trustee USTPREGION02.NH.ECF@USDOJ.GOV

Adam B. Markson behalf of 3rd Pty Defendant Neligan LLP amarks@uks.com

Alexis Padilla on behalf of Creditor Curtis Scoon alexpadilla722@gmail.com

Alexis Padilla on behalf of Creditor Byron Hord alexpadilla722@gmail.com

Andrew S. Cannella on behalf of Creditor Suntrust Mortgage Inc. bkecf@bmpc-law.com

Angeline N. Ioannou on behalf of Defendant Andrew W Jameson HartfordEService@LewisBrisbois.com

Benjamin H. Nissim on behalf of Defendant R. Bruce Beckner bnissim@murthalaw.com atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant Paul H Trinchero bnissim@murthalaw.com atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant Hillary H Hughes bnissim@murthalaw.com atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant Garvey Schubert Barer bnissim@murthalaw.com atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant Je Jun Moon bnissim@murthalaw.com atorres@murthalaw.com

Brian P. Guiney on behalf of Defendant R. Bruce Beckner bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant Je Jun Moon bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant Garvey Schubert Barer bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant Hillary H Hughes bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant Paul H Trinchero bguiney@pbwt.com

Carl T. Gulliver on behalf of Other Prof. Alexis G. Padilla cgulliver@coanlewendon.com

Christopher A. Lynch on behalf of Creditor Reed Smith LLP clynch@reedsmith.com claukamg@reedsmith.com

Christopher E.H. Sanetti on behalf of Interested Party William Leonard Roberts II christopher.sanetti@lewisbrisbois.com

Christopher H. Blau on behalf of Plaintiff Curtis James Jackson III cblau@zeislaw.com

Craig Weiner on behalf of Spec. Counsel Robins Kaplan LLP cweiner@robinskaplan.com

Craig Weiner on behalf of Debtor Curtis James Jackson III cweiner@robinskaplan.com

Craig I. Lifland on behalf of Defendant Keystone Law lifland@halloransage.com costaj@halloransage.com

Craig I. Lifland on behalf of Defendant Krzysztof Koch lifland@halloransage.com costaj@halloransage.com

Craig I. Lifland on behalf of Defendant Lawrence Abramson lifland@halloransage.com costaj@halloransage.com

Craig I. Lifland on behalf of Defendant Kancelaria Adwokacka lifland@halloransage.com costaj@halloransage.com

Craig I. Lifland on behalf of Defendant Europejskie Centrum Kultury I Edukacji "Hanza Art" SP. Z.O.O. lifland@halloransage.com costaj@halloransage.com

Craig M Reiser on behalf of Defendant Peter Raymond creiser@axinn.com

Craig M Reiser on behalf of Defendant Reed Smith LLP creiser@axinn.com

Daniel F. Gosch on behalf of Creditor Mark Krywko dgosch@dickinson-wright.com

Daniel F. Gosch on behalf of Creditor Jason Krywko dgosch@dickinson-wright.com

Daniel F. Gosch on behalf of Creditor Gregroy Wysocki dgosch@dickinson-wright.com

Daniel F. Gosch on behalf of Creditor Michael Krywko dgosch@dickinson-wright.com

Daniel F. Gosch on behalf of Creditor Sleek Audio LLC dgosch@dickinson-wright.com

David B. Shemano on behalf of Plaintiff Curtis James Jackson III jleland@robinskaplan.com

David B. Shemano on behalf of Debtor Curtis James Jackson III jleland@robinskaplan.com

David B. Shemano on behalf of Spec. Counsel Curtis James Jackson jleland@robinskaplan.com

David B. Shemano on behalf of Plaintiff G-Unit Film & Television Inc. jleland@robinskaplan.com

David W. Case on behalf of Creditor SunTrust Bank dcase@mdmc-law.com lgilbert@mdmc-law.com

David W. Case on behalf of Creditor SunTrust Mortgage dcase@mdmc-law.com lgilbert@mdmc-law.com

Drew A Hillier on behalf of Defendant Peter Raymond DHillier@axinn.com khibert@axinn.com

Drew A Hillier on behalf of Defendant Reed Smith LLP DHillier@axinn.com khibert@axinn.com

Elizabeth J. Austin on behalf of Creditor Lastonia Leviston eaustin@pullcom.com rmccoy@pullcom.com

Erick M. Sandler on behalf of Defendant Paul H Trinchero emsandler@daypitney.com rmadison@daypitney.com

Erick M. Sandler on behalf of Defendant Je Jun Moon emsandler@daypitney.com rmadison@daypitney.com

Erick M. Sandler on behalf of Defendant R. Bruce Beckner emsandler@daypitney.com rmadison@daypitney.com

Erick M. Sandler on behalf of Defendant Hillary H Hughes emsandler@daypitney.com rmadison@daypitney.com

Erick M. Sandler on behalf of Defendant Garvey Schubert Barer emsandler@daypitney.com rmadison@daypitney.com

Geoffrey A. Fields on behalf of Creditor Gregroy Wysocki gfields@dickinsonwright.com
WTaylor@dickinsonwright.com
Geoffrey A. Fields on behalf of Creditor Michael Krywko gfields@dickinsonwright.com
WTaylor@dickinsonwright.com
Geoffrey A. Fields on behalf of Creditor Mark Krywko gfields@dickinsonwright.com
WTaylor@dickinsonwright.com
Geoffrey A. Fields on behalf of Creditor Sleek Audio LLC gfields@dickinsonwright.com,
WTaylor@dickinsonwright.com
Geoffrey A. Fields on behalf of Creditor Jason Krywko gfields@dickinsonwright.com
Taylor@dickinsonwright.com
Gregory J. Guest on behalf of Creditor Jason Krywko gguest@dickinson-wright.com
Gregory J. Guest on behalf of Credito Mark Krywko gguest@dickinson-wright.com
Gregory J. Guest on behalf of Creditor Michael Krywko gguest@dickinson-wright.com
Gregory J. GuesT on behalf of Creditor Gregroy Wysocki gguest@dickinson-wright.com
Gregory J. Guest on behalf of Creditor Sleek Audio LLC gguest@dickinson-wright.com
Hunter Shkolnik on behalf of Creditor Lastonia Leviston hunter@napolilaw.com
Ilan Markus on behalf of Defendant Bernard Gudvi imarkus@barclaydamon.com
docketing@barclaydamon.com;mcenkus@barclaydamon.com
Ilan Markus on behalf of Defendant Nicholas Brown imarkus@barclaydamon.com
docketing@barclaydamon.com;mcenkus@barclaydamon.com
Ilan Markus on behalf of Defendant Michael Oppenheim imarkus@barclaydamon.com
docketing@barclaydamon.com;mcenkus@barclaydamon.com
Ilan Markus on behalf of Defendant William Braunstein imarkus@barclaydamon.com
docketing@barclaydamon.com;mcenkus@barclaydamon.com
Ilan Markus on behalf of Defendant GSO Business Management LLC imarkus@barclaydamon.com
docketing@barclaydamon.com;mcenkus@barclaydamon.com
Ilan Markus on behalf of 3rd Party Plaintiff GSO Business Management LLC imarkus@barclaydamon.com
docketing@barclaydamon.com;mcenkus@barclaydamon.com
Imran H. Ansari on behalf of Debtor Curtis James Jackson III iansari@aidalalaw.com
Imran H. Ansari on behalf of Plaintiff Curtis James Jackson III iansari@aidalalaw.com
Irve J. Goldman on behalf of Creditor Lastonia Leviston igoldman@pullcom.com rmccoy@pullcom.com
James Berman on behalf of Plaintiff Curtis James Jackson III jberman@zeislaw.com, kjoseph@zeislaw.com
James Berman on behalf of Plaintiff G-Unit Film & Television Inc. jberman@zeislaw.com, kjoseph@zeislaw.com
James Berman on behalf of Debtor Curtis James Jackson III jberman@zeislaw.com, kjoseph@zeislaw.com
James Berman on behalf of Debtor's Attorney Zeisler & Zeisler P.C. jberman@zeislaw.com, kjoseph@zeislaw.com
James Berman jberman@zeislaw.com kjoseph@zeislaw.com
James P. Muenker on behalf of Debtor Curtis James Jackson III jmuenker@neliganlaw.com
Jessica Grossarth Kennedy on behalf of Creditor Lastonia Leviston jgrossarth@pullcom.com rmccoy@pullcom.com
John D. Gaither on behalf of Debtor Curtis James Jackson III jgaither@neliganlaw.com
John J. Monaghan on behalf of Creditor SunTrust Bank john.monaghan@hklaw.com
John J. Monaghan on behalf of Creditor SunTrust Mortgage john.monaghan@hklaw.com
John L. Cesaroni on behalf of Debtor Curtis James Jackson III jcesaroni@zeislaw.com
John L. Cesaroni on behalf of Plaintiff Curtis James Jackson III jcesaroni@zeislaw.com
John L. Cesaroni on behalf of Defendant Curtis James Jackson III jcesaroni@zeislaw.com
Jonathan D. Goins on behalf of Defendant William Leonard Roberts II jonathan.goins@lewisbrisbois.com,
Antonia.brown@lewisbrisbois.com
Joseph P. Baratta on behalf of Plaintiff Curtis James Jackson III jpbaratta@barattalaw.com
Joseph P. Baratta on behalf of Debtor Curtis James Jackson III jpbaratta@barattalaw.com
Joshua W. Cohen on behalf of Defendant Garvey Schubert Barer jwcohen@daypitney.com
apetranek@daypitney.com
Joshua W. Cohen on behalf of Defendant Paul H Trinchero jwcohen@daypitney.com apetranek@daypitney.com
Joshua W. Cohen on behalf of Defendant Hillary H Hughes jwcohen@daypitney.com apetranek@daypitney.com
Joshua W. Cohen on behalf of Defendant R. Bruce Beckner jwcohen@daypitney.com apetranek@daypitney.com
Joshua W. Cohen on behalf of Defendant Je Jun Moon jwcohen@daypitney.com apetranek@daypitney.com
Kathleen M. St. John on behalf of Creditor SunTrust Mortgage kathleen.stjohn@hklaw.com
Kathleen M. St. John on behalf of Creditor SunTrust Bank kathleen.stjohn@hklaw.com

Kim L. McCabe on behalf of U.S. Trustee U. S. Trustee kim.mccabe@usdoj.gov

Kristin B. Mayhew on behalf of Creditor SunTrust Bank kmayhew@mdmc-law.com kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Creditor SunTrust Mortgage kmayhew@mdmc-law.com kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Leron E. Rogers on behalf of Interested Party William Leonard Roberts II leron.rogers@lewisbrisbois.com

Leron E. Rogers on behalf of Defendant William Leonard Roberts II leron.rogers@lewisbrisbois.com

Lynne B. Xerras on behalf of Creditor SunTrust Bank lynne.xerras@hklaw.com

Lynne B. Xerras on behalf of Creditor SunTrust Mortgage lynne.xerras@hklaw.com

Michael Malkovich on behalf of Creditor Dorothy DeJesus michael@xanthakos-malkovich.net

Michael Malkovich on behalf of Plaintiff Candace Scott michael@xanthakos-malkovich.net

Michael Malkovich on behalf of Creditor Candace Scott michael@xanthakos-malkovich.net

Michael Malkovich on behalf of Plaintiff Dorothy DeJesus michael@xanthakos-malkovich.net

Michael R. Enright on behalf of Creditor Michael Krywko menright@rc.com

Michael R. Enright on behalf of Creditor Mark Krywko menright@rc.com

Michael R. Enright on behalf of Creditor Gregroy Wysocki menright@rc.com

Michael R. Enright on behalf of Creditor Sleek Audio LLC menright@rc.com

Michael R. Enright on behalf of Creditor Jason Krywko menright@rc.com

Myles H. Alderman, Jr on behalf of Defendant William Leonard Roberts II myles.alderman@alderman.com, courts@alderman.com

Ofer Reger on behalf of Debtor Curtis James Jackson III oreger@robinskaplan.com

Ofer Reger on behalf of Plaintiff Curtis James Jackson III oreger@robinskaplan.com

Patrick J Neligan on behalf of Debtor's Attorney Neligan Foley LLP pneligan@neliganlaw.com rclark@neliganlaw.com;rclark@ecf.courtdrive.com;jmuenker@neliganlaw.com

Patrick J Neligan on behalf of Debtor Curtis James Jackson III pneligan@neliganlaw.com, rclark@neliganlaw.com;rclark@ecf.courtdrive.com;jmuenker@neliganlaw.com

Patrick M. Birney on behalf of Creditor Sleek Audio LLC pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Gregroy Wysocki pbirney@rc.com ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Mark Krywko pbirney@rc.com ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Jason Krywko pbirney@rc.com ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Michael Krywko pbirney@rc.com ctrivigno@rc.com

Philip Freidin on behalf of Creditor Lastonia Leviston pfreidin@fdlaw.net

Robert W. Cassot on behalf of 3rd Pty Defendant Boulevard Management Inc. rcassot@morrisonmahoney.com

Scott S. Orenstein on behalf of Defendant Andrew W Jameson scott.orenstein@snet.net

Seymour Roberts, Jr on behalf of Debtor Curtis James Jackson III sroberts@neliganlaw.com

Thomas G. Rohback on behalf of Creditor Reed Smith LLP trohback@axinn.com

Thomas G. Rohback on behalf of Defendant Peter Raymond trohback@axinn.com

Thomas G. Rohback on behalf of Defendant Reed Smith LLP trohback@axinn.com

U. S. Trustee USTPRegion02.NH.ECF@USDOJ.GOV