UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.: 15-21233 (AMN) |
| | : | |
| CURTIS JAMES JACKSON, III, | : | Chapter 11 |
| *Debtor* | : | |
| | : | Re: ECF No. 950 |

**MEMORANDUM OF DECISION AND ORDER**
**DENYING MOTION FOR ENTRY OF FINAL DECREE AT THIS TIME**

Before the court is a motion seeking entry of a final decree and an order closing this Chapter 11 case filed by the reorganized debtor, Curtis James Jackson, III ("Mr. Jackson") pursuant to 11 U.S.C. § 350, Fed.R.Bankr.P. 3022, and D.Conn.Bankr.L.R. 3022-1. ECF No. 950.  Years ago, on July 7, 2016, the court confirmed Mr. Jackson's Third Amended Chapter 11 Plan of Reorganization (the "Plan"). ECF No. 552. The effective date of the Plan occurred on July 22, 2016.  *See*, ECF No. 583.  Less than a year after the Plan's effective date, on February 2, 2017, Mr. Jackson earned a discharge. ECF No. 764. The Disbursing Agent (as defined in the Plan) paid Mr. Jackson's unsecured creditors a dividend exceeding 72% of their allowed claims and is holding funds sufficient to pay the same percentage to a claimant (Reed Smith LLP) on account of its disputed claim (proof of claim 18) if and when the claim is allowed. No further order is required to give effect to the Plan, and to the extent the proof of claim is disallowed, Mr. Jackson is entitled to the funds.

Notwithstanding these events, Reed Smith, LLP and Peter Raymond (together, "Reed Smith") objected to Mr. Jackson's request for entry of a final decree and closure of

the Chapter 11 case arguing closure could jeopardize the court's jurisdiction over the pending adversary proceeding in which Reed Smith is a defendant. ECF No. 951.

Currently, there are two pending adversary proceedings stemming from Mr. Jackson's Chapter 11 case: (1) Curtis James Jackson, III v. Reed Smith LLP and Peter Raymond, Adversary Proceeding No. 17-2005 (the "Reed Smith Case"); and (2) Curtis James Jackson, III v. GSO Management, LLC, et al., Adversary Proceeding No. 17-2068 (the "GSO Case").

On February 17, 2021, the court heard oral argument. Counsel for the Office of the United States Trustee ("UST") argued a final decree should not enter unless Mr. Jackson was current on the filing of his monthly operating reports and payment of his quarterly fees. At the time of the February 2021 hearing, Mr. Jackson was behind in filing monthly operating reports for November and December 2020. ECF No. 964, p. 15. Following the hearing, Mr. Jackson filed the monthly operating reports for November 2020, December 2020, and January 2021. ECF Nos. 961, 962, 963. In May of 2021, Mr. Jackson filed the monthly operating reports for February, March, and April of 2021. ECF Nos. 966, 967, 968. The monthly operating reports for May 2021 to the present have not been filed.

Section 350(a) of the Bankruptcy Code provides that, "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350. Fed.R.Bankr.P. 3022 gives effect to § 350 and requires "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court ... shall enter a final decree closing the case." Fed.R.Bankr.P. 3022. Courts have wide discretion in determining whether to close a chapter 11 case and "Bankruptcy Rule 3022 is intended to allow bankruptcy courts flexibility in determining whether an estate is fully

administered." *In re Motors Liquidation Co.*, 625 B.R. 605, 614 (Bankr. S.D.N.Y. 2021)(internal citations omitted). Courts have looked to a set of non-exhaustive factors in the Advisory Committee Notes to determine whether a case has been fully administered. The factors include: (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved. Fed.R.Bankr.P. 3022, Advisory Committee Note – 1991 Amendment (the "Factors"). "These factors are probative to the fully administered inquiry, but none is dispositive or required." *In re Avaya Inc.*, No. 19-CV-5987 (AJN), 2020 WL 5051580, at *2 (S.D.N.Y. Apr. 30, 2020).

Here, Factors 1 through 5 weigh in favor of closing the case. The Plan has become final (Factor 1); all deposits have been disbursed with the sole exception being the amount reserved for Reed Smith's disputed claim (Factor 2); any property to be transferred has been transferred (Factor 3); Mr. Jackson as a reorganized debtor assumed daily management of his affairs years ago (Factor 4); payments under the Plan have not only commenced but have been completed with the sole exception being payment of the amount reserved for Reed Smith (Factor 5). The issue remains whether Factor 6 – whether all motions, contested matters, and adversary proceedings have been finally resolved – outweighs the other five Factors. The court concludes it does under the circumstances of this case.

The court agrees with Reed Smith that risk of possible jeopardy to the court's jurisdiction to address the Reed Smith and GSO Cases outweighs the possible inconvenience to Mr. Jackson of his Chapter 11 case remaining open. Both the Reed Smith and GSO Cases are at a mature stage in their litigation. In the Reed Smith Case, a substantive decision has been rendered and is on appeal, and the remaining claims related to the objection to Reed Smith's proof of claim are limited. In the GSO Case, the parties and the court engaged in a lengthy seven-day trial and post-trial oral argument. The time and effort the parties and the court have spent on these adversary proceedings forces the conclusion that it would prejudice all parties to close Mr. Jackson's bankruptcy case and possibly lose jurisdiction to fully resolve the parties' disputes. For these reasons, the court denies Mr. Jackson's request for entry of a final decree and closure of his case at this time. Accordingly, it is hereby

ORDERED: The motion seeking entry of a final decree and an order closing this Chapter 11 case, ECF No. 950, is DENIED without prejudice to the re-filing of a motion seeking such relief at a future date.

Dated this 29th day of September, 2021, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut