UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: <br>    CURTIS JAMES JACKSON, III, <br>       *Debtor* | : <br> : <br> : <br> : <br> : | Case No.  15-21233 (AMN) <br> Chapter 11 <br><br> Re: ECF No. 990 |
|    CURTIS JAMES JACKSON, III, <br>       *Plaintiff* <br> v. <br> REED SMITH LLP, and <br> PETER RAYMOND, <br>       *Defendants.* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Adv. Pro. No. 17-2005 (AMN) |

**SCHEDULING ORDER RESPECTING A MOTION FOR
A FINAL DECREE IN THE CHAPTER 11 CASE AND
THE DEADLINE FOR THE FILING OF A MOTION FOR
<u>ALLOWANCE OF ATTORNEY'S FEES PURSUANT TO FED.R.BANKR.P. 7054</u>**

On June 28, 2023, the court heard a motion seeking entry of a final decree filed by the reorganized debtor, Curtis James Jackson, III ("Reorganized Debtor"), in Chapter 11 case number 15-21233 ("Main Case").  Main Case ECF No. 990.  Relevant to that motion is the question of whether the Chapter 11 case has been fully administered, notwithstanding the pending adversary proceeding titled *Curtis James Jackson, III v. Reed Smith LLP*, Case No. 17-2005 (the "AP Case").  Appeals of three bankruptcy court decisions were pending with the District Court in the AP Case at the time of the hearing. *See, Curtis James Jackson, III v. Reed Smith LLP*, 3:21-cv-00911-VLB (and *Curtis James Jackson, III v. Reed Smith LLP*, 3:23-cv-674-VLB.  Coincidentally, the District Court affirmed two of the bankruptcy court decisions on June 30, 2023, leaving the appeal of the bankruptcy court's decision allowing a portion of Reed Smith's claim pending.  *See*, Case No. 3:21-cv-00911-VLB, Doc. 36.

Two creditors, Reed Smith and Peter Raymond (collectively, "Reed Smith"), object to the entry of a final decree arguing closure of the Main Case could jeopardize the court's subject matter jurisdiction to adjudicate an anticipated but unfiled motion seeking an award of attorney's fees as the prevailing party in the AP Case. Absent appeal of the District Court's order in Case No. 3:21-cv-00911-VLB (although the appeal period has only begun to run), it appears Reed Smith is the prevailing party in at least a portion of the parties' dispute. According to argument during the June 28th hearing, Reed Smith asserts its right to attorney's fees pursuant to an attorney's fee clause in the 2004 Engagement Letter. During the June 28th hearing, counsel for Reed Smith stated for the first time that its attorney's fee demand will exceed five million ($5,000,000.00) dollars.

The court believes three cases – not referenced by either counsel in their dispute over the entry of a final decree in the Chapter 11 case – are relevant here. The cases are:

*Travelers Cas. & Sur. Co. v PG & E*, 549 U.S. 443 (2007);

*Ogle v. Fidelity & Deposit Co. of Maryland*, 586 F.3d 143 (2d Cir. 2009); and

*In re Residential Capital, LLC*, 558 B.R. 77 (S.D.N.Y. 2016).

As laid out in these cases, Reed Smith's attorney's fee claim for defending the legal malpractice claim and for establishing its allowed claim in the Main Case appears to be a pre-petition, unsecured claim, notwithstanding the post-petition timeframe in which the attorney's fees were incurred. According to the terms of the confirmed Chapter 11 Plan in Mr. Jackson's otherwise completed Chapter 11 case, recovery of an allowed pre-petition unsecured claim is limited to the Distribution Reserve Account to be administered by a Disbursing Agent appointed under the terms of the Plan. In other words, assuming arguendo that Reed Smith wins an eventual motion for allowance of attorney's fees

related to the AP Case, the most Reed Smith will receive is whatever is left in the Distribution Reserve Account.  The Reorganized Debtor – Mr. Jackson – is not personally liable for any eventual award of attorney's fees.  *See*, Main Case ECF No. 552 (order confirming the Chapter 11 Plan).

Other than addressing the allowance of the anticipated, but potentially limited, motion seeking attorney's fees, the administration of the Main Case has been completed and no further orders are necessary for the Disbursing Agent to effectuate disbursements under the Chapter 11 Plan.  The existence of the pending appeals does not prevent entry of a final decree, and if an appeal results in a remand, this court can reopen the Main Case or AP Case as necessary.

In light of this additional analysis conducted after the June 28th hearing, and, as the parties did not address this analysis before or during the hearing, it is hereby

ORDERED:  Counsel for the Reorganized Debtor and for Reed Smith may file any supplemental memoranda of law regarding the court's analysis above, on or before July 18, 2023, should they disagree with it; and it is further

ORDERED:  That, a continued hearing to consider ECF No. 990 will be held to discuss the status of the Main Case and the AP Case, the issues raised in this Scheduling Order, and the anticipated motion for attorney's fees on July 26, 2023, at 2:00 p.m., at the United States Bankruptcy Court, 157 Church Street, 18th Floor Courtroom, New Haven, Connecticut; and it is further

ORDERED:  That, Reed Smith shall not file any motion for allowance of attorney's fees at this time and the deadline for the filing of a motion for attorney's fees pursuant to Fed.R.Bankr.P. 7054 or otherwise is extended to August 11, 2023; and it is further

3

ORDERED:  The Clerk shall file this Scheduling Order in the Main Case and in the AP Case (17-2005).

Dated this 30th day of June, 2023, at New Haven, Connecticut.

*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut