**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 11** |
| **CURTIS JAMES JACKSON, III** | : | **CASE NO. 15-21233 (AMN)** |
| **DEBTOR.** | : | |

**EXPEDITED MOTION FOR AN ORDER REOPENING BANKRUPTCY CASE FOR THE LIMITED PURPOSE OF (I) ENFORCING THE PLAN, CONFIRMATION ORDER, AND DISCHARGE INJUNCTION AND (II) AWARDING SANCTIONS**

Curtis James Jackson, III (the "Debtor"), the reorganized debtor in the above-captioned bankruptcy case (the "Bankruptcy Case"), filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), files this motion (the "Motion") for an order reopening his above-captioned bankruptcy case (the "Bankruptcy Case"), for the limited purpose of enforcing the Plan, Confirmation Order, and Discharge Order (all as defined below), and awarding sanctions against Jahaira Rodriguez ("Rodriguez"), and states as follows:

**PRELIMINARY STATEMENT**

1. Notwithstanding Rodriguez's knowledge of the Debtor's bankruptcy discharge, Rodriguez continues to prosecute an action against the Debtor in New York state court in which she asserts a claim (the "Discharged Claim") arising from allegations that predate the commencement of the Bankruptcy Case and the "Effective Date" of the Debtor's Chapter 11 plan. Although her alleged claim was discharged in this Bankruptcy Case, and despite repeated requests, Rodriguez has refused to dismiss the Discharged Claim.

2. By continuing to pursue the Discharged Claim, Rodriguez violates the Plan, the Confirmation Order, and the Discharge Order. Because Rodriguez has refused repeated requests

to dismiss and/or not pursue the Discharged Claim, the Debtor files this Motion for an order reopening his Bankruptcy Case for the limited purpose of enforcing the Plan, the Confirmation Order, and the Discharge Order.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334, Articles IX and XII of the Plan, and paragraph 24 of the Confirmation Order. This is a core proceeding under 28 U.S.C. § 157(b).

4. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are sections 105 and 350(b) of the Bankruptcy Code, Rules 3020(d) and 5010 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5010-1(a).

## FACTUAL BACKGROUND

### A. The Bankruptcy Case

6. On July 13, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby initiating the Bankruptcy Case.

7. On July 13, 2015, the Clerk of the Court served on creditors a *Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines* [Dkt. No. 5] (the "Bar Date Notice"). Pursuant to the Bar Date Notice, November 3, 2015, was established as the deadline to file proofs of claim against the Debtor.

8. On May 24, 2016, "in order to provide as much additional notice as reasonably practicable," the Debtor filed a *Motion for Approval of Notice of Procedures and Establishment of Bar Date for Unknown Creditors* [Dkt. No. 480]. On June 2, 2016, the Court entered an *Order Granting the Debtor's Motion for Approval of Notice Procedures and Establishment of Bar Date for Unknown Creditors* [Dkt. No. 498] (the "Bar Date Order"). The Court set June 23, 2016 (the

"Claims Bar Date") as the last date for unknown creditors or creditors not having already received notice of the Bankruptcy Case to file proofs of claim against the Debtor. Bar Date Order ¶ 2.

9. The Debtor published notice of the Claims Bar Date in *USA Today*, *Billboard*, *Variety*, and *The Daily Mail UK*, each in accordance with the Bar Date Order. *See Certificate of Notice of Publication of Bar Date for Unknown Creditors* [Dkt. No. 537]. The Bar Date Order provides that such publication "shall constitute sufficient notice of the Unknown Claims Bar Date as required by Bankruptcy Rule 2002" and, upon such publication, "all known and unknown prepetition creditors shall have received actual or constructive notice of the Debtor's bankruptcy and the deadlines for filing proofs of claim." Bar Date Order ¶ 4.

10. Rodriguez did not file a proof of claim, either before or after the Claims Bar Date.

11. On July 7, 2016, the Bankruptcy Court entered an order (the "Confirmation Order") [Dkt. No. 552] confirming the *Debtor's Third Amended Plan of Reorganization* (the "Plan") [Dkt. No. 485]. Sections 9.04 and 9.05 of the Plan respectively provide for the discharge of all claims against the Debtor and entry of an injunction barring creditors from asserting such claims.

12. To effectuate the Plan discharge, the Confirmation Order enjoins all acts to collect on discharged claims and authorizes the Court to sanction any person that willfully violates the injunction. Specifically, it enjoins "***all Holders of Claims against the Debtor . . . from taking any of the following actions against the Debtor . . . on account of any such Claim . . . commencing or continuing in any manner or in any place, any action or other proceeding***" and provides that "***[i]f allowed by the Court, any Person injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys' and experts' fees and disbursements, and, in appropriate circumstances . . . punitive damages, from the willful violator.***" Confirmation Order ¶ 20 (emphasis in original).

13. The Confirmation Order further bars creditors from asserting any other claim "***based on any . . . act . . . of any kind or nature that occurred before the Effective Date***." *Id.* ¶ 19 (emphasis in original).

14. On July 22, 2016 (the "Effective Date") [Dkt. No. 583], the Plan became effective.

15. On February 2, 2017, the Court entered an order granting the Debtor a discharge of debts (the "Discharge Order") [Dkt. No. 764]. Like the Confirmation Order, the Discharge Order contained an injunction barring creditors from attempting to collect discharged claims. Discharge Order, at 1.

**B. Rodriguez's Claim**

16. On February 28, 2025, over eight years after the Claims Bar Date and the Effective Date, Rodriguez attempted to commence litigation against the Debtor in New York Supreme Court, New York County for personal injuries by filing a Summons with Notice. *See Rodriguez v. Jackson*, No. 152779/2025 (N.Y. Sup. Ct. N.Y. Cnty.). On March 3, 2025, Rodriguez filed a "corrected" Summons with Notice, replacing the original version on the docket.[1]

17. From the information provided by Rodriguez's counsel, the Debtor understands that the Discharged Claim is based on an alleged incident well prior to the Petition Date.

18. On March 7, 2025, the Debtor moved to dismiss the summons based on, among other things, the discharge and discharge injunction entered in this Bankruptcy Case. The motion is due to be fully briefed by the end of May 2025.

19. The parties engaged in a good-faith effort to resolve the matter, which included a mediation held on May 13, 2025. The mediation was unsuccessful.

[1] For the avoidance of doubt, Jackson denies Rodriguez's allegations (to the extent such vague allegations can even be understood), although the merits of the allegations, or lack thereof, are not relevant to this motion.

**BASIS FOR RELIEF**

20. Rule 5010 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that "[o]n the debtor's . . . motion, the court may, under §350(b), reopen a case." Fed. R. Bankr. P. 5010.

21. Section 350(b) of the Bankruptcy Code, in turn, provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

22. According to the Advisory Committee Notes to the 1991 Amendments to Rule 3022 of the Federal Rules of Bankruptcy Procedure, "[a] final decree closing the case . . . does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code."

23. Under the Plan, this Court expressly retained exclusive jurisdiction to "hear and determine all disputes involving the existence, nature, or scope of the discharge[ and] injunctions. . . granted pursuant to the Plan or the Confirmation Order." Plan § 12.04(e); *see also* Confirmation Order ¶ 24 ("The Court shall retain and have exclusive jurisdiction over the matters set forth in Article XII of the Plan to the fullest extent as set forth therein.").

24. The foregoing provision of the Plan is in keeping with the law in the Second Circuit that a "bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders, particularly when disputes arise over a bankruptcy plan of reorganization." *Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie)*, 304 F.3d 223, 230 (2d Cir. 2002).

25. Consistent with this principle, it is well settled that a bankruptcy court has jurisdiction to interpret and enforce its own prior orders, including as to discharge injunctions. *See*, *e.g.*, *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("The Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders."); *see also Texaco Inc. v. Sanders (In re*

*Texaco Inc.)*, 182 B.R. 937, 947 (Bankr. S.D.N.Y. 1995) ("A bankruptcy court is undoubtedly the best qualified to interpret and enforce its own orders including those providing for discharge and injunction and, therefore, should not abstain from doing so.").

26. "[W]here a motion seeks to 'prevent the prosecution of causes of action expressly prohibited by the confirmation order,' it would be 'difficult to identify judicial acts that are any more critical to the orderly functioning of the bankruptcy process or more closely tethered to core bankruptcy jurisdiction.'" *In re Residential Cap., LLC*, 508 B.R. 838, 849–50 (Bankr. S.D.N.Y. 2014) (citing *In re Charter Commc'ns*, Case No. 09-11435, 2010 WL 502764 (Bankr. S.D.N.Y. Feb. 8, 2010)).

27. This Court is most familiar with the facts and circumstances related to confirmation of the Plan and entry of the Confirmation Order and Discharge Order, including the facts and circumstances related to approval of the discharge and the injunctions set forth in the Plan, the Confirmation Order, and the Discharge Order.

28. Accordingly, the Debtor respectfully requests that the Court exercise its discretion to reopen the Bankruptcy Case for the limited purpose of enforcing the discharge and injunctions and stop Rodriguez's willful violation of the Plan, Confirmation Order, and Discharge Order.

**EXPEDITED RELIEF**

29. For the reasons set forth in the concurrently filed *Ex Parte Motion to (A) Expedite Motion for an Order Reopening Bankruptcy Case, (B) Expedite Motion for a Protective Order Directing that Pleadings Be Filed Under Seal and (C) Expedite, Schedule and Establish Notice Procedures for Hearing on the Debtor's Motion for an Order (I) Enforcing the Plan, Confirmation Order, and Discharge Injunction and (II) Awarding Sanctions*, the Debtor requests that the Court enter an order granting this Motion as soon as practicable or, in the alternative, schedule a hearing on this Motion at the Court's earliest convenience.

**PRAYER FOR RELIEF**

30. The Debtor therefore requests that the Court grant this Motion by entering an order, substantially in the form attached hereto, (a) reopening the Bankruptcy Case and (b) awarding the Debtor such other and further relief as this Court may deem just and proper.

Dated: May 13, 2025

Respectfully submitted,

**ZEISLER & ZEISLER, P.C.**

/s/ John L. Cesaroni
James Berman (ct06027)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Tel.: (203) 368-4234
Fax: (203) 367-9778
jcesaroni@zeislaw.com

**BLANK ROME LLP**
Michael B. Schaedle (*pro hac vice* pending)
Matthew E. Kaslow (*pro hac vice* pending)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
michael.schaedle@blankrome.com
matt.kaslow@blankrome.com

*Counsel for the Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 11** |
| | : | |
| **CURTIS JAMES JACKSON, III** | : | **CASE NO. 15-21233 (AMN)** |
| | : | |
| **DEBTOR.** | : | |

---

**CERTIFICATE OF SERVICE**

I, John L. Cesaroni, hereby certify that on the 13th day of May, 2025, the foregoing document(s), including all exhibits thereto, and the proposed Order were filed electronically and emailed via the Court's CM/ECF electronic noticing system to the parties listed on the attached **Exhibit A**.

Dated the 13th day of May, 2025, at Bridgeport, Connecticut.

**ZEISLER & ZEISLER, P.C.**

/s/ John L. Cesaroni
James Berman (ct06027)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Tel.: (203) 368-4234
Fax: (203) 367-9778
jcesaroni@zeislaw.com

*Counsel for the Debtor*

**EXHIBIT A**

Myles H. Alderman, Jr. on behalf of Defendant William Leonard Roberts, II
myles.alderman@alderman.com, courts@alderman.com

Imran H. Ansari on behalf of Debtor Curtis James Jackson, III
iansari@aidalalaw.com

Imran H. Ansari on behalf of Plaintiff Curtis James Jackson, III
iansari@aidalalaw.com

Elizabeth J. Austin on behalf of Creditor Lastonia Leviston
eaustin@pullcom.com, rmccoy@pullcom.com

Joseph P. Baratta on behalf of Debtor Curtis James Jackson, III
jpbaratta@barattalaw.com

Joseph P. Baratta on behalf of Plaintiff Curtis James Jackson, III
jpbaratta@barattalaw.com

James Berman
jberman@zeislaw.com, cjervey@zeislaw.com

James Berman on behalf of Debtor Curtis James Jackson, III
jberman@zeislaw.com, cjervey@zeislaw.com

James Berman on behalf of Debtor's Attorney Zeisler & Zeisler, P.C.
jberman@zeislaw.com, cjervey@zeislaw.com

James Berman on behalf of Plaintiff G-Unit Film & Television, Inc.
jberman@zeislaw.com, cjervey@zeislaw.com

James Berman on behalf of Plaintiff Curtis James Jackson, III
jberman@zeislaw.com, cjervey@zeislaw.com

Patrick M. Birney on behalf of Creditor Sleek Audio, LLC
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Gregroy Wysocki
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Jason Krywko
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Mark Krywko
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Michael Krywko
pbirney@rc.com, ctrivigno@rc.com

Christopher H. Blau on behalf of Plaintiff Curtis James Jackson, III
cblau@zeislaw.com

Andrew S. Cannella on behalf of Creditor Suntrust Mortgage, Inc.
bkecf@bmpc-law.com, bendett@myecfx.com

David W. Case on behalf of 20 Largest Creditor SunTrust Bank
dcase@mdmc-law.com, lgilbert@mdmc-law.com

David W. Case on behalf of Creditor SunTrust Mortgage
dcase@mdmc-law.com, lgilbert@mdmc-law.com

Robert W. Cassot on behalf of 3rd Pty Defendant Boulevard Management, Inc.
rcassot@morrisonmahoney.com

John L. Cesaroni on behalf of Debtor Curtis James Jackson, III
jcesaroni@zeislaw.com

John L. Cesaroni on behalf of Defendant Curtis James Jackson, III
jcesaroni@zeislaw.com

John L. Cesaroni on behalf of Plaintiff Curtis James Jackson, III
jcesaroni@zeislaw.com

Joshua W. Cohen on behalf of Defendant Garvey Schubert Barer
jwcohen@daypitney.com, apetranek@daypitney.com

Joshua W. Cohen on behalf of Defendant Hillary H Hughes
jwcohen@daypitney.com, apetranek@daypitney.com

Joshua W. Cohen on behalf of Defendant Je Jun Moon
jwcohen@daypitney.com, apetranek@daypitney.com

Joshua W. Cohen on behalf of Defendant Paul H Trinchero
jwcohen@daypitney.com, apetranek@daypitney.com

Joshua W. Cohen on behalf of Defendant R. Bruce Beckner
jwcohen@daypitney.com, apetranek@daypitney.com

Brian P. Daniels on behalf of Interested Party Theodor K Sedlmayr
bpdaniels@bswlaw.com

Michael R. Enright on behalf of Creditor Sleek Audio, LLC

menright@rc.com

Michael R. Enright on behalf of Creditor Gregroy Wysocki
menright@rc.com

Michael R. Enright on behalf of Creditor Jason Krywko
menright@rc.com

Michael R. Enright on behalf of Creditor Mark Krywko
menright@rc.com

Michael R. Enright on behalf of Creditor Michael Krywko
menright@rc.com

Geoffrey A. Fields on behalf of Creditor Sleek Audio, LLC
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Geoffrey A. Fields on behalf of Creditor Gregroy Wysocki
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Geoffrey A. Fields on behalf of Creditor Jason Krywko
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Geoffrey A. Fields on behalf of Creditor Mark Krywko
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Geoffrey A. Fields on behalf of Creditor Michael Krywko
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Philip Freidin on behalf of Creditor Lastonia Leviston
pfreidin@fdlaw.net

John D. Gaither on behalf of Debtor Curtis James Jackson, III
jgaither@neliganlaw.com

Jonathan D. Goins on behalf of Defendant William Leonard Roberts, II
jonathan.goins@lewisbrisbois.com, Antonia.brown@lewisbrisbois.com

Irve J. Goldman on behalf of Creditor Lastonia Leviston
igoldman@pullcom.com, rmccoy@pullcom.com

Daniel F. Gosch on behalf of Creditor Sleek Audio, LLC
dgosch@dickinson-wright.com

Daniel F. Gosch on behalf of Creditor Gregroy Wysocki
dgosch@dickinson-wright.com

Daniel F. Gosch on behalf of Creditor Jason Krywko
dgosch@dickinson-wright.com

Daniel F. Gosch on behalf of Creditor Mark Krywko
dgosch@dickinson-wright.com

Daniel F. Gosch on behalf of Creditor Michael Krywko
dgosch@dickinson-wright.com

Jessica Grossarth Kennedy on behalf of Creditor Lastonia Leviston
jgrossarth@pullcom.com, rmccoy@pullcom.com

Gregory J. Guest on behalf of Creditor Sleek Audio, LLC
gguest@dickinson-wright.com

Gregory J. Guest on behalf of Creditor Gregroy Wysocki
gguest@dickinson-wright.com

Gregory J. Guest on behalf of Creditor Jason Krywko
gguest@dickinson-wright.com

Gregory J. Guest on behalf of Creditor Mark Krywko
gguest@dickinson-wright.com

Gregory J. Guest on behalf of Creditor Michael Krywko
gguest@dickinson-wright.com

Brian P. Guiney on behalf of Defendant Garvey Schubert Barer
bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant Hillary H Hughes
bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant Je Jun Moon
bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant Paul H Trinchero
bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant R. Bruce Beckner
bguiney@pbwt.com

Carl T. Gulliver on behalf of Other Prof. Alexis G. Padilla
carlgulliver@cgulliverlaw.com, CarlGulliverLawLLC@jubileebk.net

Abigail Hausberg on behalf of U.S. Trustee U. S. Trustee
USTPREGION02.NH.ECF@USDOJ.GOV

Angeline N. Ioannou on behalf of Defendant Andrew W Jameson
, HartfordEService@LewisBrisbois.com

Christopher A. Lynch on behalf of Creditor Reed Smith LLP
clynch@reedsmith.com, claukamg@reedsmith.com

Michael Malkovich on behalf of Creditor Candace Scott
michael@xanthakos-malkovich.net

Michael Malkovich on behalf of Creditor Dorothy DeJesus
michael@xanthakos-malkovich.net

Michael Malkovich on behalf of Plaintiff Candace Scott
michael@xanthakos-malkovich.net

Michael Malkovich on behalf of Plaintiff Dorothy DeJesus
michael@xanthakos-malkovich.net

Adam B. Marks on behalf of 3rd Pty Defendant Neligan LLP
amarks@uks.com

Ilan Markus on behalf of 3rd Party Plaintiff GSO Business Management LLC
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant GSO Business Management LLC
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant Bernard Gudvi
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant Michael Oppenheim
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant Nicholas Brown
imarkus@barclaydamon.com,

docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant William Braunstein
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-4670@ecf.pacerpro.com

Kristin B. Mayhew on behalf of 20 Largest Creditor SunTrust Bank
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Creditor SunTrust Mortgage
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kim L. McCabe on behalf of U.S. Trustee U. S. Trustee
kim.mccabe@usdoj.gov

Rowena A. Moffett on behalf of Interested Party Theodor K Sedlmayr
rmoffett@bswlaw.com

John J. Monaghan on behalf of 20 Largest Creditor SunTrust Bank
john.monaghan@hklaw.com

John J. Monaghan on behalf of Creditor SunTrust Mortgage
john.monaghan@hklaw.com

James P. Muenker on behalf of Debtor Curtis James Jackson, III
jmuenker@neliganlaw.com

Patrick J Neligan on behalf of Debtor Curtis James Jackson, III
pneligan@neliganlaw.com,
rclark@neliganlaw.com;rclark@ecf.courtdrive.com;jmuenker@neliganlaw.com

Patrick J Neligan on behalf of Debtor's Attorney Neligan Foley LLP
pneligan@neliganlaw.com,
rclark@neliganlaw.com;rclark@ecf.courtdrive.com;jmuenker@neliganlaw.com

Benjamin H. Nissim on behalf of Defendant Garvey Schubert Barer
bnissim@murthalaw.com, atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant Hillary H Hughes
bnissim@murthalaw.com, atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant Je Jun Moon
bnissim@murthalaw.com, atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant Paul H Trinchero
bnissim@murthalaw.com, atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant R. Bruce Beckner
bnissim@murthalaw.com, atorres@murthalaw.com

Scott S. Orenstein on behalf of Defendant Andrew W Jameson
scott.orenstein@snet.net

Ofer Reger on behalf of Debtor Curtis James Jackson, III
oreger@robinskaplan.com

Ofer Reger on behalf of Plaintiff Curtis James Jackson, III
oreger@robinskaplan.com

Craig M Reiser on behalf of Defendant Reed Smith LLP
creiser@axinn.com, khibert@axinn.com

Craig M Reiser on behalf of Defendant Peter Raymond
creiser@axinn.com, khibert@axinn.com

Seymour Roberts, Jr. on behalf of Debtor Curtis James Jackson, III
sroberts@neliganlaw.com

Leron E. Rogers on behalf of Defendant William Leonard Roberts, II
leron.rogers@lewisbrisbois.com

Leron E. Rogers on behalf of Interested Party William Leonard Roberts, II
leron.rogers@lewisbrisbois.com

Thomas G. Rohback on behalf of Creditor Reed Smith LLP
trohback@axinn.com

Thomas G. Rohback on behalf of Defendant Reed Smith LLP
trohback@axinn.com

Thomas G. Rohback on behalf of Defendant Peter Raymond
trohback@axinn.com

Thomas G. Rohback on behalf of Interested Party Evan K. Farber
trohback@axinn.com

Thomas G. Rohback on behalf of Interested Party Peter Raymond
trohback@axinn.com

Erick M. Sandler on behalf of Defendant Garvey Schubert Barer

emsandler@daypitney.com, gpbartle@daypitney.com

Erick M. Sandler on behalf of Defendant Hillary H Hughes
emsandler@daypitney.com, gpbartle@daypitney.com

Erick M. Sandler on behalf of Defendant Je Jun Moon
emsandler@daypitney.com, gpbartle@daypitney.com

Erick M. Sandler on behalf of Defendant Paul H Trinchero
emsandler@daypitney.com, gpbartle@daypitney.com

Erick M. Sandler on behalf of Defendant R. Bruce Beckner
emsandler@daypitney.com, gpbartle@daypitney.com

Christopher E.H. Sanetti on behalf of Interested Party William Leonard Roberts, II
christopher.sanetti@lewisbrisbois.com

David B. Shemano on behalf of Debtor Curtis James Jackson, III
jleland@robinskaplan.com

David B. Shemano on behalf of Plaintiff G-Unit Film & Television, Inc.
jleland@robinskaplan.com

David B. Shemano on behalf of Plaintiff Curtis James Jackson, III
jleland@robinskaplan.com

David B. Shemano on behalf of Spec. Counsel Curtis James Jackson
jleland@robinskaplan.com

Hunter Shkolnik on behalf of Creditor Lastonia Leviston
hunter@napolilaw.com

Kathleen M. St. John on behalf of 20 Largest Creditor SunTrust Bank
kathleen.stjohn@hklaw.com

Kathleen M. St. John on behalf of Creditor SunTrust Mortgage
kathleen.stjohn@hklaw.com

U. S. Trustee
USTPRegion02.NH.ECF@USDOJ.GOV

Craig Weiner on behalf of Debtor Curtis James Jackson, III
cweiner@robinskaplan.com

Craig Weiner on behalf of Spec. Counsel Robins Kaplan, LLP
cweiner@robinskaplan.com

Lynne B. Xerras on behalf of 20 Largest Creditor SunTrust Bank
lynne.xerras@hklaw.com

Lynne B. Xerras on behalf of Creditor SunTrust Mortgage
lynne.xerras@hklaw.com