**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| CURTIS JAMES JACKSON, III | CASE NO. 15-21233 (AMN) |
| DEBTOR. | |

**EXPEDITED MOTION FOR A PROTECTIVE ORDER
DIRECTING THAT PLEADINGS BE FILED UNDER SEAL**

Curtis James Jackson, III, p/k/a 50 Cent (the "Debtor"), the reorganized debtor in the above-captioned bankruptcy case (the "Bankruptcy Case"), filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), files this motion (the "Motion") for an order directing Jahaira Rodriguez ("Rodriguez"), plaintiff in a purported action against the Debtor in New York Supreme Court, New York County, captioned *Rodriguez v. Jackson*, No. 152779/2025 (N.Y. Sup. Ct. N.Y. Cnty.) (the "State Court Action"), to file under seal any pleadings or papers containing allegations regarding the actions and events forming the purported basis for her alleged claim(s) asserted in the State Court Action as such allegations are scandalous or defamatory matter within the meaning of 11 U.S.C. § 107(b)(2), and states as follows:

**PRELIMINARY STATEMENT**

1.   Notwithstanding Rodriguez's knowledge of the Debtor's bankruptcy discharge, she continues to prosecute the State Court Action against the Debtor in which she asserts a claim (the "Discharged Claim") arising from allegations that predate the commencement of the Bankruptcy Case and the "Effective Date" of the Debtor's Chapter 11 plan. Although her alleged claim was discharged in this Bankruptcy Case, and despite repeated requests, Rodriguez has refused to dismiss the Discharged Claim.

1

2. The Debtor files this motion for a protective order to avoid the irreparable harm that Rodriguez's unsubstantiated allegations would do to the Debtor's reputation if publicly filed. The Discharged Claim purportedly arises under New York City's Victims of Gender-Motivated Violence Protection Act ("VGMVPA").[1] Tellingly, the allegations, conveyed thus far to the Debtor in confidence, allegations the Debtor *vehemently denies*, were brought in the State Court Action, by writ in bare notice form, only hours before the deadline under the VGMVPA to assert otherwise time-barred claims. To date, Rodriguez has not filed a complaint—only a Summons with Notice—and *neither she nor her counsel have publicly committed any of the details to writing*.

3. Because Rodriguez has refused repeated requests to dismiss and/or not pursue the Discharged Claim, concurrently with this Motion, the Debtor is filing a *Motion for an Order Reopening Bankruptcy Case for the Limited Purpose of (I) Enforcing the Plan, Confirmation Order, and Discharge Injunction and (II) Awarding Sanctions* (the "Motion to Reopen") and *Motion for an Order (I) Enforcing the Plan, Confirmation Order, and Discharge Injunction and (II) Awarding Sanctions* (the "Motion to Enforce").

4. The Debtor expects that Rodriguez may disclose the alleged basis for her Discharged Claim in pleadings or papers she files in response to the Debtor's Motion to Reopen and/or Motion to Enforce. The Debtor is a world-famous rapper, actor, television producer, businessman, and entrepreneur. As a result, if Rodriguez's confidential allegations, which are scandalous and defamatory, were made public, the Debtor would suffer immediate irreparable harm. Even if the Court were to subsequently grant the Debtor's Motion to Reopen and Motion to Enforce, the damage would be done. The preliminary relief that the Debtor requests in this Motion

---

[1] *See* N.Y.C. Admin. Code § 10-1105(a).

therefore is essential to one of the primary purposes for which he seeks to reopen his Bankruptcy Case and enforce the discharge injunction.

5. The relief that the Debtor seeks from this Court will allow the parties to litigate the merits of the Debtor's motions without the backdrop of scandal. Moreover, the Debtor's motions do not turn on the merits of Rodriguez's allegations. In the event the Court determines that Rodriguez's claim is not barred and is allowed to proceed, she will be able to file any allegations in the proper manner and the proper forum at that point. Otherwise, the Debtor should not be subject to publicly filed scandalous and defamatory statements made under the pretext of litigation over a claim that has been discharged and barred.

6. For all of the foregoing reasons, the Debtor respectfully requests that this Court enter an order on an expedited basis directing Rodriguez to file under seal as containing scandalous or defamatory matter within the meaning of 11 U.S.C. § 107(b)(2) any pleadings or other papers containing allegations regarding the actions and events forming the purported basis for the Discharged Claim.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334, Article and XII of the Plan, and paragraph 24 of the Confirmation Order. This is a core proceeding under 28 U.S.C. § 157(b).

8. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

9. The statutory predicates for the relief requested herein are sections 105 and 107(b)(2) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9077-1.

## FACTUAL BACKGROUND[2]

10. On July 13, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby initiating the Bankruptcy Case.

11. The general bar date in the Debtor's Bankruptcy Case was November 3, 2015 [Dkt. No. 5], and the unknown claims bar date was June 23, 2016 [Dkt. No. 498]. Rodriguez did not file a proof of claim before or after either bar date.

12. On July 7, 2016, the Bankruptcy Court entered an order (the "Confirmation Order") [Dkt. No. 552] confirming the Debtor's plan of reorganization (the "Plan") [Dkt. No. 485].

13. On July 22, 2016 (the "Effective Date") [Dkt. No. 583], the Plan went effective.

14. On February 2, 2017, the Court entered an order granting the Debtor a discharge of debts (the "Discharge Order") [Dkt. No. 764].

15. Pursuant to the Plan, the Confirmation Order, and the Discharge Order, Rodriguez's claim is discharged and she is subject to an injunction barring her from attempting to collect the Discharged Claim.

16. On February 28, 2025, Rodriguez filed a Summons with Notice attempting to commence litigation asserting the Discharged Claim, and on March 3, 2025, filed a "corrected" Summons with Notice.[3]

17. The Summons with Notice contained very limited information about the claims against the Debtor—it merely said: "The nature of this action is for personal injuries sustained as

---

[2] Certain facts relating to this Motion are more fully set forth in the concurrently filed Motion to Reopen and Motion to Enforce, which facts the Debtor incorporates by reference herein. All of the capitalized items not otherwise defined herein have the meanings ascribed to them in the Motion to Reopen or Motion to Enforce, as applicable.

[3] The corrected Summons with Notice added in the alleged basis for venue, which had been omitted from the initial version filed on February 28, 2025. A true and correct copy of the corrected Summons with Notice is attached hereto as **Exhibit A**.

4

a result of Defendant's conduct in violation of the Victims of Gender-Motivated Violence Protection Act, N.Y.C. Admin. Code § 10-1101, *et seq.*"

18.   From the information provided by Rodriguez's counsel, the Debtor understands that the Discharged Claim is based on an alleged incident well prior to the Petition Date.

19.   Neither Rodriguez nor her counsel have publicly committed any of the details relating to the Discharged Claim to writing.

20.   On March 7, 2025, the Debtor moved to dismiss the Summons with Notice based on, among other things, the discharge and discharge injunction entered in this Bankruptcy Case.

21.   The parties engaged in a good-faith effort to resolve the matter, which included a mediation held on May 13, 2025. The mediation was unsuccessful.

## BASIS FOR RELIEF

22.   Cause exists to grant this Motion and direct Rodriguez to file under seal as containing scandalous or defamatory matter within the meaning of section 107(b)(2) of the Bankruptcy Code any pleadings or other papers containing allegations regarding the actions and events forming the purported basis for the Discharged Claim.

23.   While there is a presumption in favor of public access to court records, section 107 of the Bankruptcy Code "displaces the common law right of access in the bankruptcy context." *Father M v. Various Tort Claimants (In re Roman Cath. Archbishop of Portland in Oregon)*, 661 F.3d 417, 430 (9th Cir. 2011). Section 107(b)(2) requires the Court to "protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b)(2). Thus, section 107(b)(2) "eliminates a court's discretion by making it mandatory for a court to protect documents falling into one of the enumerated exceptions." *Archbishop of Portland*, 661 F.3d at 430. Additionally, section 105(a) codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out

the provisions of this title," including, of course, Bankruptcy Code section 107(b). 11 U.S.C. § 105(a). As the Second Circuit has recognized, "[section] 105 is an omnibus provision phrased in such general terms as to be the basis for a broad exercise of power in the administration of a bankruptcy case." *E.g.*, *Official Comm. of Unsecured Creditors of Windstream Holdings, Inc. v. Charter Commc'ns Operating, LLC (In re Windstream Holdings, Inc.)*, 105 F.4th 488, 494 n.5 (2d Cir. 2024). Section 105(a) "confer[s] authority to fill the gaps left by the statutory language and to exercise equity in carrying out the provisions of the Bankruptcy Code." *E.g.*, *id.*

24. Accordingly, "if [section 107(b)] pertains, the bankruptcy court **must issue a protective order** on a motion by the affected person or party." *Archbishop of Portland*, 661 F.3d at 431 (emphasis added). Federal Rule of Bankruptcy Procedure 9018 sets forth the procedures by which a party may obtain such a protective order directing the filing of a document under seal. It authorizes the Court to, "[o]n motion . . . with or without notice, issue **any order** that justice requires to . . . protect an entity from scandalous or defamatory matter." Fed. R. Bankr. P. 9018(a)(2) (emphasis added); *see also* 11 U.S.C. § 105(a) (authorizing the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title"); 10A *Collier on Bankruptcy* ¶ 9018.03 (Richard Levin & Henry J. Sommer eds., 16th ed. 2025) (stating that Rule 9018 "would certainly seem to authorize the court to enter any protective order"); *Collier*, *supra*, ¶ 9018.04 (explaining how, unlike protective orders available under Rule 7026, protective orders available under section 107(b) and Rule 9018 may not be limited to discovery).

25. There can be no doubt that any allegations Rodriguez may attempt to file in this case regarding the Discharged Claim will qualify as scandalous or defamatory matter. In particular, "matter is 'scandalous' if it [is] disgraceful, offensive, shameful and the like." *Archbishop of Portland*, 661 F.3d at 432; *see also* 2 *Collier*, *supra*, ¶ 107.03[1][b] (explaining that section

107(b)(2) contemplates more than "[m]ere embarrassment"). "There is no requirement that the material be either 'untrue' or 'potentially untrue' or that it be irrelevant or included within a court filing for 'an improper end.'" *Archbishop of Portland*, 661 F.3d at 432.

26.     The allegations, which are denied in their entirety by the Debtor and viewed by him as a malicious falsehood, would not cause him mere embarrassment—they are plainly disgraceful and shameful, regardless of the truth of the allegations. Thus, they are "scandalous" within the meaning of section 107(b)(2).

27.     Critically, Rodriguez's claim is discharged and subject to the discharge injunction, regardless of the basis for the claim. *See generally* Mot. to Enforce (detailing the scope of the Debtor's discharge and discharge injunction). Indeed, the Confirmation Order discharged "***all Claims against the Debtor of any nature whatsoever***" and permanently enjoined "***all Holders of Claims against the Debtor***" from commencing any proceeding to assert such claims. Confirmation Order ¶¶ 19–20 (emphasis in original).

28.     Thus, the substance of the Discharged Claim simply is irrelevant to any of the relief for which the Debtor seeks to reopen this case, including the Motion to Enforce. No matter the species of, or basis for, her claim, it was discharged.

29.     Moreover, none of the relief requested in this Motion will prejudice Rodriguez in any way. Rodriguez can respond to the Debtor's Motion to Reopen and Motion to Enforce, and because the Court will have access to the unredacted versions of Rodriguez's papers, it will be able to consider the substance of the Discharged Claim notwithstanding its sealing.[4]

---

[4] To be clear, the Debtor is not seeking a gag order. If the Court confirms Rodriguez's claims are discharged, she will be free to speak publicly outside the context of this proceeding. However, she will no longer be able to use the pretext of litigation to shield herself from claims of defamation.

30. In contrast, public disclosure of the allegations would irreparably harm the Debtor, a world-famous rapper, actor, television producer, businessman, and entrepreneur.[5] The Debtor should be permitted to litigate his motions without the background of a scandal. This Court's discharge of his personal liability on the Discharged Claim and this Court's long since irrevocably final and enforceable discharge injunction protects the Debtor from exactly this kind of harm arising from the illegal enforcement of the Discharged Claim, all enabling his fresh start—fundamental bankruptcy law and policy. Accordingly, the Court should enter an order directing Rodriguez to file any pleadings or papers containing any allegations relating to the Discharged Claim under seal and redact such allegations in any unsealed versions of those pleadings or papers.

## EXPEDITED RELIEF

31. Because the relief requested herein is required immediately to avoid irreparable harm, the Debtor requests that the Court grant such relief on an expedited basis pursuant to the concurrently filed *Ex Parte Motion to (A) Expedite Motion for an Order Reopening Bankruptcy Case, (B) Expedite Motion for a Protective Order Directing that Pleadings Be Filed Under Seal and (C) Expedite, Schedule and Establish Notice Procedures for Hearing on the Debtor's Motion for an Order (I) Enforcing the Plan, Confirmation Order, and Discharge Injunction and (II) Awarding Sanctions*.

## PRAYER FOR RELIEF

32. The Debtor therefore requests that the Court enter an order (a) directing Rodriguez to file under seal as containing scandalous or defamatory matter within the meaning of 11 U.S.C. § 107(b)(2) any pleadings or papers containing allegations regarding the actions and events

---

[5] The Debtor has sold tens of millions of albums worldwide and has earned numerous industry awards and accolades. In recent years the Debtor has branched out from music to also act, produce numerous successful television shows, and launch a line of wines and spirits, among other business ventures, while continuing to organize and perform concert tours around the world.

8

forming the purported basis for her alleged claim(s) asserted in the State Court Action, (b) directing Rodriguez to redact any such allegations in any unsealed versions of such documents that she files in accordance with the sealing procedures outlined in Rule 5(e) of the Local Civil Rules of the United States District Court for the District of Connecticut, made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 9077-1, (c) extending such sealing and redaction procedures to the United States Trustee, as appropriate,[6] and (d) awarding the Debtor such other and further relief as this Court may deem just and proper.

*[Remainder of page intentionally left blank.]*

---

[6] The Debtor consents to the United States Trustee receiving unredacted copies of such filings on a confidential basis.

Dated: May 13, 2025

Respectfully submitted,

**ZEISLER & ZEISLER, P.C.**

/s/ John L. Cesaroni
James Berman (ct06027)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Tel.: (203) 368-4234
Fax: (203) 367-9778
jcesaroni@zeislaw.com

**BLANK ROME LLP**
Michael B. Schaedle (*pro hac vice* pending)
Matthew E. Kaslow (*pro hac vice* pending)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
michael.schaedle@blankrome.com
matt.kaslow@blankrome.com

*Counsel for the Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 11** |
| | : | |
| **CURTIS JAMES JACKSON, III** | : | **CASE NO. 15-21233 (AMN)** |
| | : | |
| **DEBTOR.** | : | |

**CERTIFICATE OF SERVICE**

I, John L. Cesaroni, hereby certify that on the 13th day of May, 2025, the foregoing document(s), including all exhibits thereto, and the proposed Order were filed electronically and emailed via the Court's CM/ECF electronic noticing system to the parties listed on the attached **Exhibit A**.

Dated the 13th day of May, 2025, at Bridgeport, Connecticut.

**ZEISLER & ZEISLER, P.C.**

/s/ John L. Cesaroni
James Berman (ct06027)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Tel.: (203) 368-4234
Fax: (203) 367-9778
jcesaroni@zeislaw.com

*Counsel for the Debtor*

**EXHIBIT A**

Myles H. Alderman, Jr. on behalf of Defendant William Leonard Roberts, II
myles.alderman@alderman.com, courts@alderman.com

Imran H. Ansari on behalf of Debtor Curtis James Jackson, III
iansari@aidalalaw.com

Imran H. Ansari on behalf of Plaintiff Curtis James Jackson, III
iansari@aidalalaw.com

Elizabeth J. Austin on behalf of Creditor Lastonia Leviston
eaustin@pullcom.com, rmccoy@pullcom.com

Joseph P. Baratta on behalf of Debtor Curtis James Jackson, III
jpbaratta@barattalaw.com

Joseph P. Baratta on behalf of Plaintiff Curtis James Jackson, III
jpbaratta@barattalaw.com

James Berman
jberman@zeislaw.com, cjervey@zeislaw.com

James Berman on behalf of Debtor Curtis James Jackson, III
jberman@zeislaw.com, cjervey@zeislaw.com

James Berman on behalf of Debtor's Attorney Zeisler & Zeisler, P.C.
jberman@zeislaw.com, cjervey@zeislaw.com

James Berman on behalf of Plaintiff G-Unit Film & Television, Inc.
jberman@zeislaw.com, cjervey@zeislaw.com

James Berman on behalf of Plaintiff Curtis James Jackson, III
jberman@zeislaw.com, cjervey@zeislaw.com

Patrick M. Birney on behalf of Creditor Sleek Audio, LLC
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Gregroy Wysocki
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Jason Krywko
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Mark Krywko
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Michael Krywko
pbirney@rc.com, ctrivigno@rc.com

Christopher H. Blau on behalf of Plaintiff Curtis James Jackson, III
cblau@zeislaw.com

Andrew S. Cannella on behalf of Creditor Suntrust Mortgage, Inc.
bkecf@bmpc-law.com, bendett@myecfx.com

David W. Case on behalf of 20 Largest Creditor SunTrust Bank
dcase@mdmc-law.com, lgilbert@mdmc-law.com

David W. Case on behalf of Creditor SunTrust Mortgage
dcase@mdmc-law.com, lgilbert@mdmc-law.com

Robert W. Cassot on behalf of 3rd Pty Defendant Boulevard Management, Inc.
rcassot@morrisonmahoney.com

John L. Cesaroni on behalf of Debtor Curtis James Jackson, III
jcesaroni@zeislaw.com

John L. Cesaroni on behalf of Defendant Curtis James Jackson, III
jcesaroni@zeislaw.com

John L. Cesaroni on behalf of Plaintiff Curtis James Jackson, III
jcesaroni@zeislaw.com

Joshua W. Cohen on behalf of Defendant Garvey Schubert Barer
jwcohen@daypitney.com, apetranek@daypitney.com

Joshua W. Cohen on behalf of Defendant Hillary H Hughes
jwcohen@daypitney.com, apetranek@daypitney.com

Joshua W. Cohen on behalf of Defendant Je Jun Moon
jwcohen@daypitney.com, apetranek@daypitney.com

Joshua W. Cohen on behalf of Defendant Paul H Trinchero
jwcohen@daypitney.com, apetranek@daypitney.com

Joshua W. Cohen on behalf of Defendant R. Bruce Beckner
jwcohen@daypitney.com, apetranek@daypitney.com

Brian P. Daniels on behalf of Interested Party Theodor K Sedlmayr
bpdaniels@bswlaw.com

Michael R. Enright on behalf of Creditor Sleek Audio, LLC

3

menright@rc.com

Michael R. Enright on behalf of Creditor Gregroy Wysocki
menright@rc.com

Michael R. Enright on behalf of Creditor Jason Krywko
menright@rc.com

Michael R. Enright on behalf of Creditor Mark Krywko
menright@rc.com

Michael R. Enright on behalf of Creditor Michael Krywko
menright@rc.com

Geoffrey A. Fields on behalf of Creditor Sleek Audio, LLC
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Geoffrey A. Fields on behalf of Creditor Gregroy Wysocki
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Geoffrey A. Fields on behalf of Creditor Jason Krywko
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Geoffrey A. Fields on behalf of Creditor Mark Krywko
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Geoffrey A. Fields on behalf of Creditor Michael Krywko
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Philip Freidin on behalf of Creditor Lastonia Leviston
pfreidin@fdlaw.net

John D. Gaither on behalf of Debtor Curtis James Jackson, III
jgaither@neliganlaw.com

Jonathan D. Goins on behalf of Defendant William Leonard Roberts, II
jonathan.goins@lewisbrisbois.com, Antonia.brown@lewisbrisbois.com

Irve J. Goldman on behalf of Creditor Lastonia Leviston
igoldman@pullcom.com, rmccoy@pullcom.com

Daniel F. Gosch on behalf of Creditor Sleek Audio, LLC
dgosch@dickinson-wright.com

Daniel F. Gosch on behalf of Creditor Gregroy Wysocki
dgosch@dickinson-wright.com

4

Daniel F. Gosch on behalf of Creditor Jason Krywko
dgosch@dickinson-wright.com

Daniel F. Gosch on behalf of Creditor Mark Krywko
dgosch@dickinson-wright.com

Daniel F. Gosch on behalf of Creditor Michael Krywko
dgosch@dickinson-wright.com

Jessica Grossarth Kennedy on behalf of Creditor Lastonia Leviston
jgrossarth@pullcom.com, rmccoy@pullcom.com

Gregory J. Guest on behalf of Creditor Sleek Audio, LLC
gguest@dickinson-wright.com

Gregory J. Guest on behalf of Creditor Gregroy Wysocki
gguest@dickinson-wright.com

Gregory J. Guest on behalf of Creditor Jason Krywko
gguest@dickinson-wright.com

Gregory J. Guest on behalf of Creditor Mark Krywko
gguest@dickinson-wright.com

Gregory J. Guest on behalf of Creditor Michael Krywko
gguest@dickinson-wright.com

Brian P. Guiney on behalf of Defendant Garvey Schubert Barer
bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant Hillary H Hughes
bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant Je Jun Moon
bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant Paul H Trinchero
bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant R. Bruce Beckner
bguiney@pbwt.com

Carl T. Gulliver on behalf of Other Prof. Alexis G. Padilla
carlgulliver@cgulliverlaw.com, CarlGulliverLawLLC@jubileebk.net

Abigail Hausberg on behalf of U.S. Trustee U. S. Trustee
USTPREGION02.NH.ECF@USDOJ.GOV

Angeline N. Ioannou on behalf of Defendant Andrew W Jameson
, HartfordEService@LewisBrisbois.com

Christopher A. Lynch on behalf of Creditor Reed Smith LLP
clynch@reedsmith.com, claukamg@reedsmith.com

Michael Malkovich on behalf of Creditor Candace Scott
michael@xanthakos-malkovich.net

Michael Malkovich on behalf of Creditor Dorothy DeJesus
michael@xanthakos-malkovich.net

Michael Malkovich on behalf of Plaintiff Candace Scott
michael@xanthakos-malkovich.net

Michael Malkovich on behalf of Plaintiff Dorothy DeJesus
michael@xanthakos-malkovich.net

Adam B. Marks on behalf of 3rd Pty Defendant Neligan LLP
amarks@uks.com

Ilan Markus on behalf of 3rd Party Plaintiff GSO Business Management LLC
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant GSO Business Management LLC
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant Bernard Gudvi
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant Michael Oppenheim
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant Nicholas Brown
imarkus@barclaydamon.com,

docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant William Braunstein
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-4670@ecf.pacerpro.com

Kristin B. Mayhew on behalf of 20 Largest Creditor SunTrust Bank
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Creditor SunTrust Mortgage
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kim L. McCabe on behalf of U.S. Trustee U. S. Trustee
kim.mccabe@usdoj.gov

Rowena A. Moffett on behalf of Interested Party Theodor K Sedlmayr
rmoffett@bswlaw.com

John J. Monaghan on behalf of 20 Largest Creditor SunTrust Bank
john.monaghan@hklaw.com

John J. Monaghan on behalf of Creditor SunTrust Mortgage
john.monaghan@hklaw.com

James P. Muenker on behalf of Debtor Curtis James Jackson, III
jmuenker@neliganlaw.com

Patrick J Neligan on behalf of Debtor Curtis James Jackson, III
pneligan@neliganlaw.com,
rclark@neliganlaw.com;rclark@ecf.courtdrive.com;jmuenker@neliganlaw.com

Patrick J Neligan on behalf of Debtor's Attorney Neligan Foley LLP
pneligan@neliganlaw.com,
rclark@neliganlaw.com;rclark@ecf.courtdrive.com;jmuenker@neliganlaw.com

Benjamin H. Nissim on behalf of Defendant Garvey Schubert Barer
bnissim@murthalaw.com, atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant Hillary H Hughes
bnissim@murthalaw.com, atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant Je Jun Moon
bnissim@murthalaw.com, atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant Paul H Trinchero
bnissim@murthalaw.com, atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant R. Bruce Beckner
bnissim@murthalaw.com, atorres@murthalaw.com

Scott S. Orenstein on behalf of Defendant Andrew W Jameson
scott.orenstein@snet.net

Ofer Reger on behalf of Debtor Curtis James Jackson, III
oreger@robinskaplan.com

Ofer Reger on behalf of Plaintiff Curtis James Jackson, III
oreger@robinskaplan.com

Craig M Reiser on behalf of Defendant Reed Smith LLP
creiser@axinn.com, khibert@axinn.com

Craig M Reiser on behalf of Defendant Peter Raymond
creiser@axinn.com, khibert@axinn.com

Seymour Roberts, Jr. on behalf of Debtor Curtis James Jackson, III
sroberts@neliganlaw.com

Leron E. Rogers on behalf of Defendant William Leonard Roberts, II
leron.rogers@lewisbrisbois.com

Leron E. Rogers on behalf of Interested Party William Leonard Roberts, II
leron.rogers@lewisbrisbois.com

Thomas G. Rohback on behalf of Creditor Reed Smith LLP
trohback@axinn.com

Thomas G. Rohback on behalf of Defendant Reed Smith LLP
trohback@axinn.com

Thomas G. Rohback on behalf of Defendant Peter Raymond
trohback@axinn.com

Thomas G. Rohback on behalf of Interested Party Evan K. Farber
trohback@axinn.com

Thomas G. Rohback on behalf of Interested Party Peter Raymond
trohback@axinn.com

Erick M. Sandler on behalf of Defendant Garvey Schubert Barer

emsandler@daypitney.com, gpbartle@daypitney.com

Erick M. Sandler on behalf of Defendant Hillary H Hughes
emsandler@daypitney.com, gpbartle@daypitney.com

Erick M. Sandler on behalf of Defendant Je Jun Moon
emsandler@daypitney.com, gpbartle@daypitney.com

Erick M. Sandler on behalf of Defendant Paul H Trinchero
emsandler@daypitney.com, gpbartle@daypitney.com

Erick M. Sandler on behalf of Defendant R. Bruce Beckner
emsandler@daypitney.com, gpbartle@daypitney.com

Christopher E.H. Sanetti on behalf of Interested Party William Leonard Roberts, II
christopher.sanetti@lewisbrisbois.com

David B. Shemano on behalf of Debtor Curtis James Jackson, III
jleland@robinskaplan.com

David B. Shemano on behalf of Plaintiff G-Unit Film & Television, Inc.
jleland@robinskaplan.com

David B. Shemano on behalf of Plaintiff Curtis James Jackson, III
jleland@robinskaplan.com

David B. Shemano on behalf of Spec. Counsel Curtis James Jackson
jleland@robinskaplan.com

Hunter Shkolnik on behalf of Creditor Lastonia Leviston
hunter@napolilaw.com

Kathleen M. St. John on behalf of 20 Largest Creditor SunTrust Bank
kathleen.stjohn@hklaw.com

Kathleen M. St. John on behalf of Creditor SunTrust Mortgage
kathleen.stjohn@hklaw.com

U. S. Trustee
USTPRegion02.NH.ECF@USDOJ.GOV

Craig Weiner on behalf of Debtor Curtis James Jackson, III
cweiner@robinskaplan.com

Craig Weiner on behalf of Spec. Counsel Robins Kaplan, LLP
cweiner@robinskaplan.com

Lynne B. Xerras on behalf of 20 Largest Creditor SunTrust Bank
lynne.xerras@hklaw.com

Lynne B. Xerras on behalf of Creditor SunTrust Mortgage
lynne.xerras@hklaw.com