**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| **CURTIS JAMES JACKSON, III** | : | **CASE NO. 15-21233 (AMN)** |
| | : | |
| DEBTOR. | : | |

*EX PARTE* **MOTION TO (A) EXPEDITE
MOTION FOR AN ORDER REOPENING BANKRUPTCY CASE, (B) EXPEDITE
MOTION FOR A PROTECTIVE ORDER DIRECTING THAT PLEADINGS BE FILED
UNDER SEAL AND (C) EXPEDITE, SCHEDULE AND ESTABLISH NOTICE
PROCEDURES FOR HEARING ON THE DEBTOR'S MOTION FOR AN ORDER (I)
ENFORCING THE PLAN, CONFIRMATION ORDER, AND DISCHARGE
INJUNCTION AND (II) AWARDING SANCTIONS**

Curtis James Jackson, III (the "Debtor"), the reorganized debtor in the above-captioned

bankruptcy case (the "Bankruptcy Case"), filed under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code"), files this motion (the "Motion") (A) to expedite the Debtor's

*Motion for an Order Reopening Bankruptcy Case for the Limited Purpose of (I) Enforcing the*

*Plan, Confirmation Order, and Discharge Injunction and (II) Awarding Sanctions* (the "Motion to

Reopen"), (B) to expedite the Debtor's *Motion for a Protective Order Directing that Pleadings Be*

*Filed Under Seal* (the "Motion to Seal"), and (C) to expedite, and for an order establishing notice

procedures and scheduling a hearing with respect to, the Debtor's *Motion for an Order (I)*

*Enforcing the Plan, Confirmation Order, and Discharge Injunction and (II) Awarding Sanctions*

(the "Motion to Enforce"), and states as follows:

**PRELIMINARY STATEMENT**

1.      Notwithstanding Jahaira Rodriguez's ("Rodriguez") knowledge of the Debtor's

bankruptcy discharge, she continues to prosecute an action against the Debtor in New York state

1

court in which she asserts a claim (the "Discharged Claim") arising from allegations that predate the commencement of the Bankruptcy Case and the "Effective Date" of the Debtor's Chapter 11 plan. Although her alleged claim was discharged in this Bankruptcy Case, and despite repeated requests, Rodriguez has refused to dismiss the Discharged Claim.

2.      Because Rodriguez has refused repeated requests to dismiss and/or not pursue the Discharged Claim, concurrently with this Motion, the Debtor is filing motions for orders reopening his Bankruptcy Case, directing that pleadings containing allegations regarding the actions and events forming the purported basis of the Discharged Claim be filed under seal, enforcing the Plan, the Confirmation Order, and the Discharge Order (all as defined below), and imposing sanctions on Rodriguez.

3.      The Debtor has already incurred significant damages defending against the Discharged Claim, including the cost and expense of preparing and filing a motion to dismiss the Discharged Claim, which is scheduled to be fully briefed by May 29, 2025, and undergoing unsuccessful mediation. The Debtor stands to suffer further, and potentially irreparable, harm if it does not obtain prompt relief on the motions it has filed with this Court.

4.      Accordingly, to minimize any further harm to the Debtor (and the amount of attorneys' fees that the Debtor seeks as sanctions against Rodriguez for violating the Court's orders and the discharge injunction), it is essential that the Court grant the Debtor's Motion to Reopen and Motion to Seal as soon as practicable or, in the alternative, schedule a hearing on such motions at the Court's earliest convenience, and conduct a hearing on the Debtor's Motion to Enforce as promptly as possible. The Debtor therefore files this Motion to obtain expedited relief.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334, Articles IX and XII of the Plan, and paragraph 24 of the Confirmation Order. This is a core proceeding under 28 U.S.C. § 157(b).

6.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

7.      The statutory predicates for the relief requested herein are section 105 of the Bankruptcy Code and Rules 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure.

**FACTUAL BACKGROUND**[1]

8.      On July 13, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby initiating the Bankruptcy Case.

9.      The general bar date in the Debtor's Bankruptcy Case was November 3, 2015 [Dkt. No. 5], and the unknown claims bar date was June 23, 2016 [Dkt. No. 498]. Rodriguez did not file a proof of claim before or after either bar date.

10.     On July 7, 2016, the Bankruptcy Court entered an order (the "Confirmation Order") [Dkt. No. 552] confirming the Debtor's plan of reorganization (the "Plan") [Dkt. No. 485].

11.     On July 22, 2016 (the "Effective Date") [Dkt. No. 583], the Plan became effective.

12.     On February 2, 2017, the Court entered an order granting the Debtor a discharge of debts (the "Discharge Order") [Dkt. No. 764].

13.     Pursuant to the Plan, the Confirmation Order, and the Discharge Order, Rodriguez's claim (if any) is discharged and she is subject to an injunction barring her from attempting to collect the Discharged Claim.

---

[1]    Certain facts relating to this Motion are more fully set forth in the concurrently filed Motion to Reopen and Motion to Enforce, which facts the Debtor incorporates by reference herein. All of the capitalized items not otherwise defined herein have the meanings ascribed to them in the Motion to Reopen or Motion to Enforce, as applicable.

167697.00006/154026691v.7

14.    On February 28, 2025, Rodriguez filed a Summons with Notice attempting to commence litigation asserting the Discharged Claim, and on March 3, 2025, filed a "corrected" Summons with Notice.[2]

15.    On March 7, 2025, the Debtor moved to dismiss the summons based on, among other things, the discharge and discharge injunction entered in this Bankruptcy Case.

16.    The parties engaged in a good-faith effort to resolve the matter, which included a mediation held on May 13, 2025. The mediation was unsuccessful.

17.    The Debtor's motion to dismiss is scheduled to be fully briefed by May 29, 2025.

**BASIS FOR RELIEF**

18.    Federal Rule of Bankruptcy Procedure 9006(c)(1) provides that, except to the extent specifically precluded by subsection(c)(2), "[w]hen a rule, notice given under a rule, or court order requires or allows an act to be done within a specified time, the court may—for cause and with or without a motion or notice—reduce the time." Fed. R. Bankr. P. 9006(c)(1). Furthermore, pursuant to Federal Rule of Bankruptcy Procedure 9007, the Court has general authority to prescribe and regulate notice.

19.    Cause exists to grant the relief requested herein. The Debtor has given Rodriguez ample opportunity to voluntarily dismiss her Discharged Claim, but she has refused to do so, forcing the Debtor to move to reopen this Bankruptcy Case in order to enforce his discharge and the injunctions entered pursuant to the Plan, Confirmation Order, and Discharge Order.

20.    The Debtor has already incurred significant attorneys' fees responding to Rodriguez's Discharged Claim and attempting to achieve an out-of-court resolution of this dispute. The attorneys' fees and other damages that the Debtor suffers and is forced to request as sanctions

---

[2]    For the avoidance of doubt, Jackson denies Rodriguez's allegations (to the extent such vague allegations can even be understood), although the merits of the allegations, or lack thereof, are not relevant to this motion.

167697.00006/154026691v.7

against Rodriguez will only balloon the longer she is allowed to prosecute her Discharged Claim, particularly in light of the upcoming briefing deadline on the Debtor's motion to dismiss. Further, for the reasons set forth therein, it is necessary for the Court to grant immediate relief on the Motion to Seal to avoid potential irreparable harm to the Debtor.

21.     Accordingly, to prevent further harm and potential irreparable harm to the Debtor, he respectfully requests that this Court grant the Debtor's Motion to Reopen and Motion to Seal as soon as practicable or, in the alternative, schedule a hearing on such motions at the Court's earliest convenience, and establish an expedited briefing schedule, and schedule a hearing on his Motion to Enforce to occur prior to May 29, 2025, or as promptly thereafter as possible.

## NOTICE

22.     The Debtor proposes that notice of the Motion to Reopen, the Motion to Seal, and the Motion to Enforce, and notice of the hearing on the Motion to Enforce be limited to (collectively, the "Notice Parties") (a) the Office of the United States Trustee, (b) Rodriguez, (c) the Debtor's twenty (20) largest unsecured creditors, (d) those parties registered to receive notice in this case through the Court's CM/ECF system, and (e) the Debtor, by electronic transmission, hand delivery, facsimile transmission, or overnight mail, as appropriate.

23.     No other party in interest will be prejudiced by the limiting of notice with regard to the Motion to Reopen, the Motion to Seal, or the Motion to Enforce, the briefing schedule, or the hearing thereon because the substantive relief requested is to protect the Debtor from defamatory or scandalous matter, to enforce the discharge and discharge injunction solely against Rodriguez, and to recover damages for said violation.

24.     The Debtor proposes to serve Rodriguez at her last known address and at the business address of the attorney who represents her in connection with her Discharged Claim.

Because the Debtor cannot confirm Rodriguez's current address, the Debtor requests that the Court determine that such service shall be good and sufficient under the circumstances.

## PRAYER FOR RELIEF

25.     The Debtor therefore requests that the Court (a) enter an order granting the Motion to Reopen as soon as practicable or, in the alternative, schedule a hearing on the Motion to Reopen at the Court's earliest convenience, (b) enter an order granting the Motion to Seal as soon as practicable or, in the alternative, schedule a hearing on the Motion to Seal at the Court's earliest convenience, (c) enter an order substantially in the form attached hereto (i) scheduling the Motion to Enforce to be heard before May 29, 2025, (ii) establishing dates by which any response to, and any reply in support of, the Motion to Enforce must be filed, (iii) limiting the Debtor's duty to provide notice of the Motion to Reopen, the Motion to Seal, and the Motion to Enforce, and notice of the hearing on the Motion to Enforce on parties in interest to the Notice Parties, and (d) award the Debtor such other and further relief as this Court may deem just and proper.

*[Remainder of page intentionally left blank.]*

167697.00006/154026691v.7

Dated: May 13, 2025

Respectfully submitted,

**ZEISLER & ZEISLER, P.C.**

/s/ John L. Cesaroni
James Berman (ct06027)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Tel.: (203) 368-4234
Fax: (203) 367-9778
jcesaroni@zeislaw.com

**BLANK ROME LLP**
Michael B. Schaedle (*pro hac vice* pending)
Matthew E. Kaslow (*pro hac vice* pending)
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555
michael.schaedle@blankrome.com
matt.kaslow@blankrome.com

*Counsel for the Debtor*

167697.00006/154026691v.7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | **CHAPTER 11** |
| | : | |
| **CURTIS JAMES JACKSON, III** | : | **CASE NO. 15-21233 (AMN)** |
| | : | |
| **DEBTOR.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, John L. Cesaroni, hereby certify that on the 13th day of May, 2025, the foregoing document(s), including all exhibits thereto, and the proposed Order were filed electronically and emailed via the Court's CM/ECF electronic noticing system to the parties listed on the attached **Exhibit A**.

Dated the 13th day of May, 2025, at Bridgeport, Connecticut.

**ZEISLER & ZEISLER, P.C.**

/s/ John L. Cesaroni
James Berman (ct06027)
John L. Cesaroni (ct29309)
10 Middle Street, 15th Floor
Bridgeport, Connecticut 06604
Tel.: (203) 368-4234
Fax: (203) 367-9778
jcesaroni@zeislaw.com

*Counsel for the Debtor*

167697.00006/154026691v.7

## EXHIBIT A

Myles H. Alderman, Jr. on behalf of Defendant William Leonard Roberts, II
myles.alderman@alderman.com, courts@alderman.com

Imran H. Ansari on behalf of Debtor Curtis James Jackson, III
iansari@aidalalaw.com

Imran H. Ansari on behalf of Plaintiff Curtis James Jackson, III
iansari@aidalalaw.com

Elizabeth J. Austin on behalf of Creditor Lastonia Leviston
eaustin@pullcom.com, rmccoy@pullcom.com

Joseph P. Baratta on behalf of Debtor Curtis James Jackson, III
jpbaratta@barattalaw.com

Joseph P. Baratta on behalf of Plaintiff Curtis James Jackson, III
jpbaratta@barattalaw.com

James Berman
jberman@zeislaw.com, cjervey@zeislaw.com

James Berman on behalf of Debtor Curtis James Jackson, III
jberman@zeislaw.com, cjervey@zeislaw.com

James Berman on behalf of Debtor's Attorney Zeisler & Zeisler, P.C.
jberman@zeislaw.com, cjervey@zeislaw.com

James Berman on behalf of Plaintiff G-Unit Film & Television, Inc.
jberman@zeislaw.com, cjervey@zeislaw.com

James Berman on behalf of Plaintiff Curtis James Jackson, III
jberman@zeislaw.com, cjervey@zeislaw.com

Patrick M. Birney on behalf of Creditor Sleek Audio, LLC
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Gregroy Wysocki
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Jason Krywko
pbirney@rc.com, ctrivigno@rc.com

Patrick M. Birney on behalf of Creditor Mark Krywko
pbirney@rc.com, ctrivigno@rc.com

167697.00006/154026691v.7

Patrick M. Birney on behalf of Creditor Michael Krywko
pbirney@rc.com, ctrivigno@rc.com

Christopher H. Blau on behalf of Plaintiff Curtis James Jackson, III
cblau@zeislaw.com

Andrew S. Cannella on behalf of Creditor Suntrust Mortgage, Inc.
bkecf@bmpc-law.com, bendett@myecfx.com

David W. Case on behalf of 20 Largest Creditor SunTrust Bank
dcase@mdmc-law.com, lgilbert@mdmc-law.com

David W. Case on behalf of Creditor SunTrust Mortgage
dcase@mdmc-law.com, lgilbert@mdmc-law.com

Robert W. Cassot on behalf of 3rd Pty Defendant Boulevard Management, Inc.
rcassot@morrisonmahoney.com

John L. Cesaroni on behalf of Debtor Curtis James Jackson, III
jcesaroni@zeislaw.com

John L. Cesaroni on behalf of Defendant Curtis James Jackson, III
jcesaroni@zeislaw.com

John L. Cesaroni on behalf of Plaintiff Curtis James Jackson, III
jcesaroni@zeislaw.com

Joshua W. Cohen on behalf of Defendant Garvey Schubert Barer
jwcohen@daypitney.com, apetranek@daypitney.com

Joshua W. Cohen on behalf of Defendant Hillary H Hughes
jwcohen@daypitney.com, apetranek@daypitney.com

Joshua W. Cohen on behalf of Defendant Je Jun Moon
jwcohen@daypitney.com, apetranek@daypitney.com

Joshua W. Cohen on behalf of Defendant Paul H Trinchero
jwcohen@daypitney.com, apetranek@daypitney.com

Joshua W. Cohen on behalf of Defendant R. Bruce Beckner
jwcohen@daypitney.com, apetranek@daypitney.com

Brian P. Daniels on behalf of Interested Party Theodor K Sedlmayr
bpdaniels@bswlaw.com

Michael R. Enright on behalf of Creditor Sleek Audio, LLC

2

menright@rc.com

Michael R. Enright on behalf of Creditor Gregroy Wysocki
menright@rc.com

Michael R. Enright on behalf of Creditor Jason Krywko
menright@rc.com

Michael R. Enright on behalf of Creditor Mark Krywko
menright@rc.com

Michael R. Enright on behalf of Creditor Michael Krywko
menright@rc.com

Geoffrey A. Fields on behalf of Creditor Sleek Audio, LLC
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Geoffrey A. Fields on behalf of Creditor Gregroy Wysocki
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Geoffrey A. Fields on behalf of Creditor Jason Krywko
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Geoffrey A. Fields on behalf of Creditor Mark Krywko
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Geoffrey A. Fields on behalf of Creditor Michael Krywko
gfields@dickinsonwright.com, WTaylor@dickinsonwright.com

Philip Freidin on behalf of Creditor Lastonia Leviston
pfreidin@fdlaw.net

John D. Gaither on behalf of Debtor Curtis James Jackson, III
jgaither@neliganlaw.com

Jonathan D. Goins on behalf of Defendant William Leonard Roberts, II
jonathan.goins@lewisbrisbois.com, Antonia.brown@lewisbrisbois.com

Irve J. Goldman on behalf of Creditor Lastonia Leviston
igoldman@pullcom.com, rmccoy@pullcom.com

Daniel F. Gosch on behalf of Creditor Sleek Audio, LLC
dgosch@dickinson-wright.com

Daniel F. Gosch on behalf of Creditor Gregroy Wysocki
dgosch@dickinson-wright.com

3

Daniel F. Gosch on behalf of Creditor Jason Krywko
dgosch@dickinson-wright.com

Daniel F. Gosch on behalf of Creditor Mark Krywko
dgosch@dickinson-wright.com

Daniel F. Gosch on behalf of Creditor Michael Krywko
dgosch@dickinson-wright.com

Jessica Grossarth Kennedy on behalf of Creditor Lastonia Leviston
jgrossarth@pullcom.com, rmccoy@pullcom.com

Gregory J. Guest on behalf of Creditor Sleek Audio, LLC
gguest@dickinson-wright.com

Gregory J. Guest on behalf of Creditor Gregroy Wysocki
gguest@dickinson-wright.com

Gregory J. Guest on behalf of Creditor Jason Krywko
gguest@dickinson-wright.com

Gregory J. Guest on behalf of Creditor Mark Krywko
gguest@dickinson-wright.com

Gregory J. Guest on behalf of Creditor Michael Krywko
gguest@dickinson-wright.com

Brian P. Guiney on behalf of Defendant Garvey Schubert Barer
bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant Hillary H Hughes
bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant Je Jun Moon
bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant Paul H Trinchero
bguiney@pbwt.com

Brian P. Guiney on behalf of Defendant R. Bruce Beckner
bguiney@pbwt.com

Carl T. Gulliver on behalf of Other Prof. Alexis G. Padilla
carlgulliver@cgulliverlaw.com, CarlGulliverLawLLC@jubileebk.net

4

Abigail Hausberg on behalf of U.S. Trustee U. S. Trustee
USTPREGION02.NH.ECF@USDOJ.GOV

Angeline N. Ioannou on behalf of Defendant Andrew W Jameson
, HartfordEService@LewisBrisbois.com

Christopher A. Lynch on behalf of Creditor Reed Smith LLP
clynch@reedsmith.com, claukamg@reedsmith.com

Michael Malkovich on behalf of Creditor Candace Scott
michael@xanthakos-malkovich.net

Michael Malkovich on behalf of Creditor Dorothy DeJesus
michael@xanthakos-malkovich.net

Michael Malkovich on behalf of Plaintiff Candace Scott
michael@xanthakos-malkovich.net

Michael Malkovich on behalf of Plaintiff Dorothy DeJesus
michael@xanthakos-malkovich.net

Adam B. Marks on behalf of 3rd Pty Defendant Neligan LLP
amarks@uks.com

Ilan Markus on behalf of 3rd Party Plaintiff GSO Business Management LLC
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-
4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant GSO Business Management LLC
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-
4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant Bernard Gudvi
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-
4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant Michael Oppenheim
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-
4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant Nicholas Brown
imarkus@barclaydamon.com,

167697.00006/154026691v.7

docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-4670@ecf.pacerpro.com

Ilan Markus on behalf of Defendant William Braunstein
imarkus@barclaydamon.com,
docketing@barclaydamon.com;mcenkus@barclaydamon.com;ilan-markus-4670@ecf.pacerpro.com

Kristin B. Mayhew on behalf of 20 Largest Creditor SunTrust Bank
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kristin B. Mayhew on behalf of Creditor SunTrust Mortgage
kmayhew@pullcom.com, kwarshauer@mdmc-law.com;bdangelo@mdmc-law.com

Kim L. McCabe on behalf of U.S. Trustee U. S. Trustee
kim.mccabe@usdoj.gov

Rowena A. Moffett on behalf of Interested Party Theodor K Sedlmayr
rmoffett@bswlaw.com

John J. Monaghan on behalf of 20 Largest Creditor SunTrust Bank
john.monaghan@hklaw.com

John J. Monaghan on behalf of Creditor SunTrust Mortgage
john.monaghan@hklaw.com

James P. Muenker on behalf of Debtor Curtis James Jackson, III
jmuenker@neliganlaw.com

Patrick J Neligan on behalf of Debtor Curtis James Jackson, III
pneligan@neliganlaw.com,
rclark@neliganlaw.com;rclark@ecf.courtdrive.com;jmuenker@neliganlaw.com

Patrick J Neligan on behalf of Debtor's Attorney Neligan Foley LLP
pneligan@neliganlaw.com,
rclark@neliganlaw.com;rclark@ecf.courtdrive.com;jmuenker@neliganlaw.com

Benjamin H. Nissim on behalf of Defendant Garvey Schubert Barer
bnissim@murthalaw.com, atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant Hillary H Hughes
bnissim@murthalaw.com, atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant Je Jun Moon
bnissim@murthalaw.com, atorres@murthalaw.com

167697.00006/154026691v.7

Benjamin H. Nissim on behalf of Defendant Paul H Trinchero
bnissim@murthalaw.com, atorres@murthalaw.com

Benjamin H. Nissim on behalf of Defendant R. Bruce Beckner
bnissim@murthalaw.com, atorres@murthalaw.com

Scott S. Orenstein on behalf of Defendant Andrew W Jameson
scott.orenstein@snet.net

Ofer Reger on behalf of Debtor Curtis James Jackson, III
oreger@robinskaplan.com

Ofer Reger on behalf of Plaintiff Curtis James Jackson, III
oreger@robinskaplan.com

Craig M Reiser on behalf of Defendant Reed Smith LLP
creiser@axinn.com, khibert@axinn.com

Craig M Reiser on behalf of Defendant Peter Raymond
creiser@axinn.com, khibert@axinn.com

Seymour Roberts, Jr. on behalf of Debtor Curtis James Jackson, III
sroberts@neliganlaw.com

Leron E. Rogers on behalf of Defendant William Leonard Roberts, II
leron.rogers@lewisbrisbois.com

Leron E. Rogers on behalf of Interested Party William Leonard Roberts, II
leron.rogers@lewisbrisbois.com

Thomas G. Rohback on behalf of Creditor Reed Smith LLP
trohback@axinn.com

Thomas G. Rohback on behalf of Defendant Reed Smith LLP
trohback@axinn.com

Thomas G. Rohback on behalf of Defendant Peter Raymond
trohback@axinn.com

Thomas G. Rohback on behalf of Interested Party Evan K. Farber
trohback@axinn.com

Thomas G. Rohback on behalf of Interested Party Peter Raymond
trohback@axinn.com

Erick M. Sandler on behalf of Defendant Garvey Schubert Barer

167697.00006/154026691v.7

emsandler@daypitney.com, gpbartle@daypitney.com

Erick M. Sandler on behalf of Defendant Hillary H Hughes
emsandler@daypitney.com, gpbartle@daypitney.com

Erick M. Sandler on behalf of Defendant Je Jun Moon
emsandler@daypitney.com, gpbartle@daypitney.com

Erick M. Sandler on behalf of Defendant Paul H Trinchero
emsandler@daypitney.com, gpbartle@daypitney.com

Erick M. Sandler on behalf of Defendant R. Bruce Beckner
emsandler@daypitney.com, gpbartle@daypitney.com

Christopher E.H. Sanetti on behalf of Interested Party William Leonard Roberts, II
christopher.sanetti@lewisbrisbois.com

David B. Shemano on behalf of Debtor Curtis James Jackson, III
jleland@robinskaplan.com

David B. Shemano on behalf of Plaintiff G-Unit Film & Television, Inc.
jleland@robinskaplan.com

David B. Shemano on behalf of Plaintiff Curtis James Jackson, III
jleland@robinskaplan.com

David B. Shemano on behalf of Spec. Counsel Curtis James Jackson
jleland@robinskaplan.com

Hunter Shkolnik on behalf of Creditor Lastonia Leviston
hunter@napolilaw.com

Kathleen M. St. John on behalf of 20 Largest Creditor SunTrust Bank
kathleen.stjohn@hklaw.com

Kathleen M. St. John on behalf of Creditor SunTrust Mortgage
kathleen.stjohn@hklaw.com

U. S. Trustee
USTPRegion02.NH.ECF@USDOJ.GOV

Craig Weiner on behalf of Debtor Curtis James Jackson, III
cweiner@robinskaplan.com

Craig Weiner on behalf of Spec. Counsel Robins Kaplan, LLP
cweiner@robinskaplan.com

8

9

Lynne B. Xerras on behalf of 20 Largest Creditor SunTrust Bank
lynne.xerras@hklaw.com

Lynne B. Xerras on behalf of Creditor SunTrust Mortgage
lynne.xerras@hklaw.com