**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re:<br><br>CURTIS JAMES JACKSON, III,<br><br>*Debtor* | Case No.: 15-21233 (AMN)<br>Chapter 11<br><br><br>Re: ECF No. 1026 |

# MEMORANDUM OF DECISION AND ORDER GRANTING MOTION TO REOPEN CASE FOR A LIMITED PURPOSE

Curtis James Jackson, III (the "Debtor") filed this voluntary Chapter 11 bankruptcy case on July 13, 2015 (the "Petition Date") and received a discharge pursuant to 11 U.S.C. § 1141(d)(5) after completion of a Chapter 11 plan of reorganization on February 2, 2017 (the "Discharge Date").  *See*, ECF Nos. 552 (plan confirmation order), 764 (Chapter 11 "Discharge Order").  After the court resolved disputed claims, the Clerk closed the case on August 21, 2023.

Now, the Debtor seeks to reopen the case to enforce the 2017 Discharge Order against Jahaira Rodriguez, to prevent her continuation of a state court case commenced in early 2025, and to seek imposition of a sanction for the alleged violation of the Discharge Order.  *See*, *Rodriguez, Jahaira vs. Jackson, Curtis*, New York Supreme Court Index No. 152779/2025 ("State Court Case"); ECF Nos. 1026 (Motion to Reopen), 1027 (Motion to Enforce the Plan, Confirmation Order, and Discharge Injunction), 1028 (Motion for Protective Order Directing That Pleadings Be Filed Under Seal).  In the State Court Case an undecided motion to dismiss on procedural grounds remains pending.  *See,* *Rodriguez, Jahaira vs. Jackson, Curtis*, New York Supreme Court Index No. 152779/2025, NYSCEF Doc. No. 2.

1

Deciding whether the commencement of the State Court Case violated the Discharge Order will require an evidentiary hearing. The bankruptcy court and the state court have concurrent jurisdiction to determine if Ms. Rodriguez's pre-petition claim was discharged by applying 11 U.S.C. § 523(a)(3)(B). *In re Rollinson*, 273 B.R. 352, 353 n.4. (Bankr. D. Conn. 2002); *In re Massa, 217 B.R. 412, 420 (Bankr. W.D.N.Y. 1998)* ("A debtor who fails to list a creditor who holds a debt of a kind specified in Section 523(a)(3)(B) loses the jurisdictional protections of Section 523(c).") Notably, § 523(a)(3)(B) may have the effect of depriving the Debtor of the exclusive jurisdiction provision of § 523(c) for unscheduled debts. *In re Bartomeli*, 303 B.R. 254, 268 (Bankr. D. Conn. 2004).

If the State Court Case is dismissed due to a procedural issue, that will narrow the issues before the bankruptcy court. If the 2017 Discharge Order discharged the claim, exclusive jurisdiction to enforce the Discharge Order and determine a remedy rests with the bankruptcy court.

*Legal Standard to Reopen a Closed Bankruptcy Case*

Bankruptcy Rule 5010 provides "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Fed. R. Bankr. P. 5010. In turn, Bankruptcy Code § 350(b) states "[a] case may be reopened . . .to administer assets, to accord relief to the debtor, or for other cause." 11 U.S. C. § 350(b). The Bankruptcy Code does not define "cause" under this section. *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300, 1308 (2d Cir. 2005). A bankruptcy judge's decision to grant or deny a motion to reopen pursuant to 11 U.S.C. § 350(b) is reviewed applying an abuse of discretion standard. *Harbour Trust Co. v. Aaron (In re Plusfunds*

*Group, Inc.)*, 589 F. App'x 41, 42 (2d Cir. 2015) (citing *Smith v. Silverman (In re Smith)*, 645 F.3d 186, 189 (2d Cir. 2011)).

Courts typically consider several factors in determining whether there is "cause" to reopen a closed case. *In re Solutia, Inc.*, 653 B.R. 99, 113 (Bankr. S.D.N.Y. 2023) (citing *In re Easley-Brooks*, 487 B.R. 400, 407 (Bankr. S.D.N.Y 2013)). Here, the request to reopen the case comes more than eight years after the 2017 Discharge Order, resulting from a dispute about whether the 2025 State Court Case is barred by the Discharge Order. Courts do not simply look at the length of the time a case has been closed, rather the purpose of the analysis is to consider how prejudicial that length of time passing is to a debtor. *See*, *In re Atari, Inc.*, Docket No. 13-10176, 2016 Bankr. LEXIS 1779, at *16 (Bankr. S.D.N.Y. Apr. 20, 2016). While any court of competent jurisdiction could decide whether the Discharge Order discharged the claim by applying Bankruptcy Code § 523(a)(3)(B), only the bankruptcy court would have jurisdiction to impose a sanction if a violation of the Discharge Order occurred. The length of time since the case closed or since the Discharge Order entered does not weigh heavily here given the nature of the alleged claim and the procedural history.

After carefully considering Ms. Rodriguez's argument that judicial efficiency would be better served by permitting the state court to determine the § 523(a)(3)(B) discharge question, and then to proceed to determine liability in the State Court Case as a whole if the claim remained viable, it appears to be equally efficient for the bankruptcy court to apply § 523(a)(3)(B) to the facts, and if the claim was discharged, to proceed to consider enforcement of the Discharge Order. Balancing the prejudice against each party, the judicial efficiency argument is not dispositive.

Finally, it is not clear at the outset that no relief to the Debtor would be forthcoming by granting the motion to reopen. *In re Solutia, Inc.*, 653 B.R. at 113 (citing *In re Easley-Brooks*, 487 B.R. 400, 407 (Bankr. S.D.N.Y 2013)). Should the court determine that Ms. Rodriguez has a viable claim notwithstanding the Discharge Order (and assuming the State Court Case survives dismissal), the relief sought may be affected when the Second Circuit addresses a question regarding the potential preemption of the Victims of Gender-Motivated Violence Protection Law ("VGMVPL"). *See*, N.Y.C. Admin. Code § 10-1101 et seq. Due to the conflicting revival window that exists in the VGMVPL, as compared to time periods for similar relief enacted by the New York state legislature in the Child Victims Act (N.Y. C.P.L.R. 214-g, "CVA") and the Adult Survivors Act (N.Y. C.P.L.R. 214-j, "ASA"), the District Court for the Southern District of New York recently issued two conflicting decisions. *Compare Doe v. Black*, No. 23-CV-6418 (JGLC), 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024), *appeal docketed*, No. 25-564 (2d Cir. Mar. 11, 2025), *with Parker v. Alexander*, No. 24-CV-4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025), *appeal docketed*, No. 25-487 (2d Cir. Mar. 3, 2025). In *Black*, the district court concluded that the VGMVPL is not preempted by either the CVA or ASA, but in *Parker*, a different judge reached the opposite conclusion. Whether the Discharge Order precludes continuation of the State Court Case must be determined in light of this developing law, if the Discharge Order applies to this alleged creditor.

Weighing the *Easley-Brooks* factors that apply here, there is cause to reopen the case. Once the state court decides the motion to dismiss and if the alleged claim remains viable to proceed under New York law, the bankruptcy court will then address the application of Bankruptcy Code § 523(a)(3)(B). When and if further proceedings before

4

either the state court or the bankruptcy court are warranted, the court will enter a further order regarding the scope of the reopened case.

*Legal Standard to Determine if the Alleged Debt was Discharged*

The legal standard to determine whether the Discharge Order eliminated Ms. Rodriguez's claim is found in Bankruptcy Code § 523(a)(3)(B). *In re Bartomeli*, 303 B.R. 254, 268 (Bankr. D. Conn. 2004). The cumulative effect of Bankruptcy Code §§ 523(a)(3)(B), 523(a)(6) and 523(c) is to confer upon a debtor peace of mind that if complaints asserting nondischargeability based on § 523(a)(6) have not been filed [in the bankruptcy court] by a date certain they cannot be filed at all, and the respective claims will be discharged. *In re Gianopoulos*, 584 B.R. 598, 605 (Bankr. S.D.N.Y. 2018) (*quoting In re Bachman*, 296 B.R. 596, 599 (Bankr. D. Conn. 2003)).

As relevant here, the Debtor and Ms. Rodriguez agree the Debtor did not list or schedule a debt owed to Ms. Rodriguez and any claim, if proven, would be of a kind enumerated in Bankruptcy Code § 523(a)(6). Section 523(a)(3)(B) creates a limited exception to the applicable filing deadline where a creditor had no notice or actual knowledge of a bankruptcy. *See*, 11 U.S.C. § 523(a)(3). Bankruptcy Code § 523(a)(3)(B) states that a discharge under Bankruptcy Code section 1141 does not discharge any individual from a debt,

> . . . neither listed nor scheduled . . with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit —:
>
> > (B) if such debt is of a kind specified in [§ 523(a)(6)] timely filing of a proof of claim and timely request for a determination of dis-chargeability of such debt under one of such paragraphs, **unless such creditor had notice or actual knowledge of the case in time for such timely filing and request**;
>
> 11 U.S.C. § 523(a)(3) (emphasis added).

"As the bolded statutory language makes clear, a creditor's claims may be discharged even if they do not appear on a debtor's schedules or even if the creditor does not receive court-generated notices in time to permit the filing of a dischargeability challenge if the creditor had timely notice or actual knowledge of the 'case.'" *In re Belesis*, No. 22-11578 (DSJ), 2024 WL 4161460, at *7 (citing *GAC Enters. v. Medaglia (In re Medaglia)*, 52 F.3d 451, 457 (2d Cir. 1995) ("The statute itself, in § 523(a)(3)(B), does contain a constructive notice clause that makes crystal clear that a creditor with timely, actual notice of the 'case' does not have the 'right to assume' that it will receive formal notice before its claims are barred."). Bankruptcy Code § 523(a)(3)(B) is construed to require creditors who have "actual, timely knowledge" of the debtor's petition to "exercise due diligence and take necessary steps to preserve" their rights. *In re Medaglia,* 52 F.3d at 457 (discussing the burden Code section 523(a)(3)(B) places on creditors with timely, actual knowledge of a case to "come forward" before the filing deadline).

General knowledge of the bankruptcy case requires action without offending due process. This is because the provisions of the Bankruptcy Code and Rules enable a creditor to estimate the applicable deadline based on knowledge of the date a debtor filed his case. *See*, Fed.R.Bankr.P. 4007(c) and 2003(a); *In re Belesis*, No. 22-11578 (DSJ), 2024 WL 4161460, at *7. Here, the first section 341 meeting of creditors was scheduled for August 5, 2015, making October 5, 2015, the deadline to request a determination of dischargeability under § 523(a)(6).

*Relevant Time Periods*

As noted, the deadline to file a request to determine the dischargeability of a debt of a kind specified in Bankruptcy Code § 523(a)(6) was October 5, 2015. ECF No. 5. The

6

initial deadline to file a proof of claim was November 3, 2015. ECF No. 5. The Debtor requested and the court ordered a second opportunity for unknown creditors to file a proof of claim during the period from June 2, 2016, through June 23, 2016. ECF No. 5, 498. The periods of time from July 13, 2015 through November 3, 2015, and June 2, 2016 through June 23, 2016, are the "Relevant Time Periods." To apply Bankruptcy Code § 523(a)(3)(B), a court must determine if the name of the creditor to whom an alleged debt was owed was known to the Debtor, and whether Ms. Rodriguez had notice or actual knowledge of the bankruptcy case before both of the Relevant Time Periods expired.

The claimant – here Ms. Rodriguez -- bears the burden to establish her claim was known to the Debtor when he filed this case and the list of creditors and schedules. *In re Szczepanik*, 146 B.R. 905 (Bankr. E.D.N.Y. 1992) ("The debtor's discharge is an affirmative defense which establishes a prima facie defense to any claim brought against him based on a debt existing at the time of the bankruptcy filing". The burden to prove a debt is excepted from discharge under § 523(a)(3)(B) is on the creditor.).

Because the Debtor is asserting discharge as a defense, Mr. Jackson bears the burden to establish Ms. Rodriguez received adequate notice of the time to file a proof of claim and to request a determination of dischargeability. *Massa v. Addona (In re Massa)*, 187 F.3d 292 (2d Cir. 1999).

Conclusion

Because there is sufficient cause to reopen this case for a limited purpose, it is hereby,

**ORDERED**: The Motion to Reopen (ECF No. 1026) is GRANTED; and it is further

**ORDERED**: A separate order confirming the State Court Case should proceed for the purpose of determining the pending motion to dismiss will enter; and it is further

**ORDERED:** To the extent necessary, the Discharge Order is modified to permit the state court to enter a decision on the pending Motion to Dismiss the State Court Case filed by Curtis James Jackson, III, and for no other purpose; and it is further

**ORDERED:** Counsel for the Debtor shall file in this case a copy of the decision entered in the State Court Case within five days after it is filed in the State Court Case.

Dated this 10th day of July, 2025, at New Haven, Connecticut.



Ann M. Nevins
Chief United States Bankruptcy Judge
District of Connecticut